James E. Torgerson, AK Bar No. 8509120
Jeffrey W. Leppo, AK Bar No. 0001003
Ryan P. Steen, AK Bar No. 0912084
Stoel Rives LLP
510 L Street Suite 500
Anchorage, AK 99501
Phone: (907) 277-1900
Fax: (907) 277-1970
Email: jwleppo@stoel.com
       rpsteen@stoel.com
*Attorneys for Plaintiffs Shell Gulf of Mexico, Inc.,
and Shell Offshore, Inc.*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| Shell GULF OF MEXICO, INC. and Shell OFFSHORE, INC.<br><br>Plaintiffs,<br><br>v.<br><br>GREENPEACE, INC. and JOHN and JANE DOES 1-20,<br><br>Defendants. | Case No.: -<br><br>**VERIFIED COMPLAINT** |

## I. Nature of the Case

1.  Shell Gulf of Mexico, Inc. and Shell Offshore, Inc., (Shell) seek a temporary restraining order (TRO) and preliminary injunction to prevent Greenpeace and the individual defendants named in this Complaint who are affiliated with Greenpeace, including those John and Jane Doe defendants whose identities are not known at this time (hereinafter collectively "Greenpeace") from committing federal and state maritime and common law violations that seriously threaten the safety of those navigating on the high seas including Shell, and from

interfering with Shell's contractual relations with the United States of America and other parties. Greenpeace has engaged in and threatens to continue to engage in a pattern of illegal and unsafe activities designed to disrupt Shell's operations, including its efforts to tow a large offshore exploration drilling unit known as the Noble Discoverer, from New Zealand to Alaska's Chukchi Sea. Greenpeace's actions, including to disrupt the transport of the drilling rig, constitute both a public and private nuisance and threaten to impair Shell's right to navigate and to conduct commerce free from tortious and statutorily prohibited conduct. If not immediately halted, Greenpeace's reckless actions will hinder Shell in its efforts to comply with contractual obligations, lead to the imposition of sanctions for breach of contract with resulting harm to Shell's reputation, and cause Shell and the State of Alaska and its citizens irreparable and immeasurable harm.

## II. Parties

2. Shell Gulf of Mexico, Inc. and Shell Offshore, Inc., are Delaware corporations operating in Alaska.

3. Greenpeace, Inc. is a non-profit California corporation having its principal place of business in the District of Columbia and is a world-wide environmental advocacy organization with offices in Anchorage and Sitka, Alaska. Greenpeace has been active in Alaska since the 1970s. It is registered in Alaska as a non-profit corporation. It has been and is an active litigant before this Court, including in Case No. 3:10-cv-00271-TMB.

4. John and Jane Does 1-20 are individuals whose identities are unknown at this time who, on information and belief, intend to support, assist or participate in Greenpeace's efforts, including to disrupt the transport of the Noble Discoverer.

## III. Jurisdiction and Venue

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1333 because plaintiffs' causes of action sound in tort and are based on interference (1) with marine traffic on navigable waters, (2) with the performance of marine contracts and (3) with facilities engaged or preparing to engage in outer continental shelf (OCS) activities under 43 U.S.C. § 1331 et. seq. Additionally, upon information and belief, this Court has jurisdiction under 28 U.S.C. § 1332 because of diversity of citizenship between plaintiffs and defendants.

6. Venue is appropriate in this court pursuant to 28 U.S.C. § 1391.

## IV. General Allegations

7. Shell and its affiliates own interests in certain oil and gas leases, including leases for offshore lands located in Alaska's Chukchi Sea and in the Gulf of Mexico. To explore on its leases in the Beaufort, Kulluk and Chukchi and Beaufort Seas, Shell intends to use the drilling vessels Noble Discoverer and/or Kulluk.

8. In protest of Arctic drilling, Greenpeace has engaged in a pattern and practice of illegal actions and disruptive protests. Greenpeace has blockaded vessels, blocked passage of vessels, trespassed on vessels, vandalized property, and chained individual protesters to rigs of drilling vessel equipment and unlawfully boarded and occupied drilling rigs. Greenpeace has initiated a training program in St. Petersburg, Florida, intended to train members in techniques for boarding and barricading vessels and facilities located offshore. It has engaged in a pattern of unlawful activities that have harmed and continue to harm Shell. It has threatened to engage in further unlawful conduct against Shell, and there is every reason to believe it will carry out these threats.

9. As set forth in the attached declarations, less than 48 hours ago, Greenpeace unlawfully boarded and occupied the Noble Discoverer to stop it from travelling to the Arctic.

VERIFIED COMPLAINT
*Shell v. Greenpeace*
Page 3 of 14
71296105.1 0079498-00001
Case 3:12-cv-00042-SLG   Document 1   Filed 02/24/12   Page 3 of 14

10. One of Greenpeace's three large vessels is currently moving into and is intending to anchor near St. Petersburg, Florida in the Gulf of Mexico. At the same time, Greenpeace has publically acknowledged that it will be providing training in St. Petersburg, Florida, in techniques for boarding and barricading vessels and facilities located offshore. Shell has numerous exploration rigs, and active oil and gas development platforms operating in the Gulf of Mexico. Greenpeace has engaged in a pattern of unlawful activities that have harmed and continue to harm Shell. It has threatened to engage in further unlawful conduct against Shell, and there is every reason to believe it will carry out these threats.

11. Greenpeace has interfered and has indicated it intends to continue interfering with Shell, including with its ability to safely transport the Northern Discoverer from New Zealand to the Chukchi Sea. Given the maneuverability and navigation constraints inherently faced by the Noble Discoverer due to its size, sea ice and meteorological conditions, efforts by Greenpeace to blockade the rig with smaller vessels (including zodiacs or kayaks) or human divers or to block the path of the tow are extremely dangerous and possibly life-threatening.

## V. Causes of Action

### First Cause of Action:
### Nuisance

12. Shell realleges and incorporate by reference the allegations contained in paragraphs 1 through 11 of this Complaint.

13. Anyone who obstructs or interferes with another's free passage on any navigable water commits a public and/or a private nuisance.

14. Greenpeace has interfered and threatens to interfere with the free passage of the Noble Discoverer and other Shell vessels by blockading those vessels, blocking the path of those

vessels, and positioning their own vessels and associated equipment and human divers at unsafe locations near the path of those vessels.

15. These actions have interfered and threaten to interfere with the free passage of the Noble Discoverer and have caused a public nuisance given the inherent public dangers associated with such illegal activity.

16. Greenpeace's blockade and interference with the free passage of the Noble Discoverer and other vessels also constitutes a private nuisance because the dangers inherent in their protest activity will be specially borne by Shell.

### Second Cause of Action:
### Tortious Interference With Contractual Relations

17. Shell realleges and incorporates by reference the allegations contained in paragraphs 1 through 16 of this Complaint.

18. Any person who intentionally and improperly interferes with the performance of a contract between another and a third person or with a contractual expectancy is liable for loss resulting from the interference.

19. Greenpeace has improperly interfered and threatens to further interfere with Shell's contracts for the transport of the Noble Discoverer and other vessels by blockading the vessels, blocking the path of the vessels and otherwise interfering with the ability of Shell to transport the vessels.

### Third Cause of Action:
### Trespass to Chattels

21. Shell realleges and incorporates by reference the allegations contained in paragraphs 1 through 20 of this Complaint.

22. A defendant is liable for trespass on chattel if it dispossess another of the chattel or intermeddles with the chattel.

23. Greenpeace has boarded and occupied the Noble Discover. It threatens to commit further trespasses.

24. These activities constitute trespass to chattels.

### Fourth Cause of Action:
### False Imprisonment

25. Shell realleges and incorporates by reference the allegations contained in paragraphs 1 through 24 of this Complaint.

26. A party who intentionally confines another person within fixed boundaries is liable for false imprisonment.

27. Greenpeace is impeding progress and effectively blockading the Noble Discoverer and threatening to further impede the movement of Noble Discoverer and other Shell vessels. By making it impossible for these vessels to move, Greenpeace intends to falsely imprison those on board the vessels.

### Fifth Cause of Action:
### Assault

28. Shell realleges and incorporates the allegations contained in paragraphs 1 through 27 of this Complaint.

29. A person commits assault when that person, *inter alia*, person recklessly places another person in fear of imminent serious physical injury by means of a dangerous instrument.

30. Greenpeace's positioning of its vessels dangerously near the Noble Discoverer have recklessly placed persons onboard the Noble Discover and other vessels in fear of imminent physical injury by means of a dangerous instrument.

## Sixth Cause of Action:
## Conversion

31.  Shell realleges and incorporates the allegations contained in paragraphs 1 through 30 of this Complaint.

32.  A person commits conversion when they exert unauthorized use or control of another person's personal property.

33.  Greenpeace's illegal boarding of the Noble Discoverer constitutes unauthorized use and control of Shell's personal property.

## Seventh Cause of Action:
## Violation of Proposed Safety Zone

34.  Shell realleges and incorporates the allegations contained in paragraphs 1 through 33 of this Complaint.

35.  The U.S.C.G. has proposed a temporary safety zone (TSZ) around the Discoverer while it is anchored or deploying and recovering moorings on location to drill exploratory wells at various prospects located in the Chukchi and Beaufort Seas Outer Continental Shelf, Alaska, from July 1, 2012 October 31, 2012. *See* 77 FR 10707.

36.  The U.S.C.G. has established multi-year safety zones for other Shell drilling operations in the Gulf of Mexico.

37.  Under 33 C.F.R. § 147.1, the purpose of a safety zone is "to promote the safety of life and property on the facilities, their appurtenances and attending vessels, and on the adjacent waters within the safety zones."

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900   Fax (907) 277-1920

38. Greenpeace's pattern of past conduct as well as its present conduct show that it intends to violate the proposed TSZ for the Discoverer, the existing safety zones in the Gulf of Mexico, and 33 C.F.R. § 147.1.

### Eighth Cause of Action:
### Reckless Endangerment

39. Shell realleges and incorporates the allegations contained in paragraphs 1 through 38 of this Complaint.

40. A person commits the crime of reckless endangerment if the person recklessly engages in conduct that creates a substantial risk of serious physical injury to another person.

41. Greenpeace's positioning of its vessels in front of the Noble Discoverer so as to blockade its movement, illegally boarding the Noble Discoverer, and threatening to do the same on other Shell vessels, constitutes reckless engagement in conduct that creates a substantial risk of serious physical injury to another person.

### Ninth Cause of Action:
### Piracy

42. Shell realleges and incorporates the allegations contained in paragraphs 1 through 41 of this Complaint.

43. 18 U.S.C. § 1651 provides that: "Whoever, on the high seas, commits the crime of piracy as defined by the law of nations, and is afterwards brought into or found in the United States, shall be imprisoned for life."

44. Piracy is defined in the United Nations Convention on Law of Sea (1982) at Article 101 as: "(a) any illegal acts of violence or detention, or any act of depredation, committed for private ends by the crew or the passengers of a private ship or a private aircraft, and directed: (i) on the high seas, against another ship or aircraft, or against persons or property on board such

ship or aircraft; (ii) against a ship, aircraft, persons or property in a place outside the jurisdiction of any State; (b) any act of voluntary participation in the operation of a ship or of an aircraft with knowledge of facts making it a pirate ship or aircraft; (c) any act of inciting or of intentionally facilitating an act described in subparagraph (a) or (b).

45. Greenpeace's boarding and occupation of the Noble Discoverer, and its threats to commit future acts, constitute aggression or hostility sufficient to constitute illegal acts of violence, detention, or depredation for its own private ends, directed at Shell vessels.

### Tenth Cause of Action:
### Violation of International Regulations for
### Preventing Collisions at Sea (33 U.S.C. § 1602)

46. Shell realleges and incorporates by reference the allegations contained in paragraphs 1 through 45 of this Complaint.

47. The United States has adopted the International Regulations for Preventing Collisions at Sea, also known as the COLREGS, which are found following 33 U.S.C. § 1602. The COLREGS set forth a series of rules that vessels must follow in order to avoid collisions, to stay out of each other's path, and navigate safely.

48. In particular, Rule 18 provides that a power driven vessel "shall keep out of the way of" a vessel that is restricted in its ability to maneuver, such as a vessel engaged in a towing operation.

49. Greenpeace has interfered with the Noble Discoverer and threatened to interfere with other vessels by blocking the path of those vessels, and positioning their own vessels and associated equipment and divers at unsafe locations near and directly in front of those vessels.

50. Greenpeace's efforts to blockade, or block the path of these vessels are in flagrant disregard of the COLREGS.

### Eleventh Cause of Action:
### Malicious Mischief On the High Seas

51. Shell realleges and incorporates by reference the allegations contained in paragraphs 1 through 50 of this Complaint.

52. 18 U.S.C. § 1363 prohibits a person within the special maritime and territorial jurisdiction of the United States from willfully and maliciously injuring or attempting to injure any structure, conveyance, or other real or personal property.

53. Greenpeace has interfered with the Noble Discoverer and threatened to interfere with other vessels by blocking the path of those vessels, and positioning their own vessels and associated equipment and divers at unsafe locations near and directly in front of those vessels. These actions constitute violations of 18 U.S.C. § 1363.

### Twelfth Cause of Action:
### Violence Against Maritime Navigation

54. Shell realleges and incorporates the allegations contained in paragraphs 1 through 53 of this Complaint.

55. Under 18 U.S.C. § 2280, it is unlawful for any person to seize or exercise control or to attempt to do the same over a ship by force or threat or any other form of intimidation. It is similarly unlawful to cause damage to a ship which is likely to endanger its safe navigation.

56. Greenpeace's efforts to blockade or block the free navigation of the Noble Discoverer and other Shell vessels violates 18 U.S.C. § 2280.

### XVII. Relief Requested

WHEREFORE, Shell requests the following relief:

57. Greenpeace, its agents, servants, employees, and all others acting in concert with Greenpeace, be enjoined from:

a. Breaking into or trespassing on any vessel, property or facility in the United States, including any vessel, property or facility located within U.S. territorial waters and waters of the U.S. Exclusive Economic Zone ("EEZ"), that is owned or operated by or on behalf of an affiliate or subsidiary of Shell Oil Company, and is either identified by a sign, logo, or other identification sufficient to give notice, or regarding which Greenpeace has received actual notice through the declarations filed in this action, that such property, facility or vessel is owned or operated by or on behalf of an affiliate or subsidiary of Shell Oil Company.

b. Tortiously or illegally interfering with the operation, movement or progress of any property or facility in the United States, including any vessel, property or facility located within U.S. territorial waters and waters of the EEZ, that is owned or operated by or on behalf of an affiliate or subsidiary of Shell Oil Company, and is either identified by a sign, logo, or other identification sufficient to give notice, or regarding which Greenpeace has received actual notice through the declarations filed in this action, that such property, facility or vessel is owned or operated by or on behalf of an affiliate or subsidiary of Shell Oil Company.

c. Barricading, blocking, or preventing access to or egress from any vessel, property or facility in the United States, including any vessel, property or facility located within U.S. territorial waters and waters of the EEZ, that is owned or operated by or on behalf of an affiliate or subsidiary of Shell Oil Company, and is either identified by a sign, logo, or other identification sufficient to give notice, or regarding which Greenpeace has received actual notice through the declarations filed in this action, that such property, facility or vessel is owned or operated by or on behalf of an affiliate or subsidiary of Shell Oil Company.

d. Endangering or threatening any employee or visitor of Shell Oil Company or any of its affiliates who is present on, or as they enter or exit, any vessel, facility or property

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900   Fax (907) 277-1920

in the United States, including any vessel, property or facility located within U.S. territorial waters and waters of the EEZ, that is owned or operated by or on behalf of an affiliate or subsidiary of Shell Oil Company, and is either identified by a sign, logo, or other identification sufficient to give notice, or regarding which Greenpeace has received actual notice through the declarations filed in this action, that such property, facility or vessel is owned or operated by or on behalf of an affiliate or subsidiary of Shell Oil Company.

    e.  Entering the following safety zones Shell proposes that this Court establish:

for any of Shell Oil Company's vessels, property or facility located within U.S. territorial waters and waters of the EEZ, that is identified by a sign, logo, or other identification sufficient to give notice that such property, facility or vessel is owned or operated by Shell Oil Company or one of its affiliates, including at all locations and times, for a vertical distance of 1,500 feet into the airspace above the established safety zones.

59. An award of consequential damages for the pecuniary loss experienced by Shell as a result of Greenpeace's interference with its contractual obligations;

60. An award of damages including incidental damages for all injuries resulting from the tortious actions of Greenpeace and the individual defendants.

61. An award of punitive damages because Greenpeace's protest antics are both willful and grossly negligent and demonstrate a callous disregard for the rights of others.

62. An award of any other and further relief, including costs and attorney fees, as the Court deems just and equitable.

DATED this _____ day of February, 2012.

VERIFIED COMPLAINT
*Shell v. Greenpeace*
Page 12 of 14

DATED: February 24, 2012

STOEL RIVES LLP

By: _____
JAMES E. TORGERSON
(BAR NO. 8509120)
JEFFREY W. LEPPO
(BAR NO. 0001003)
RYAN P. STEEN
(BAR NO. 0912084)

Attorneys for Plaintiffs

**STOEL RIVES** LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900  Fax (907) 277-1920

VERIFIED COMPLAINT
*Shell v. Greenpeace*
Page 13 of 14

## VERIFICATION

I, Mark DuPlantis, having been duly sworn depose and state that I have read the foregoing Verified Complaint for Injunctive Relief, and that the information stated therein is factual and true, and those factual matters which are stated upon information and believe are believed to be true.

_____
Mark DuPlantis

SUBSCRIBED AND SWORN to or affirmed before me this 24th day of February, 2012, in Anchorage, Alaska.

_____
Notary Public in and for the State of AK
My Commission expires: 3/9/15

[Notary Seal: JO ANN ALEXANDER, NOTARY PUBLIC, STATE OF ALASKA]

510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900   Fax (907) 277-1920

VERIFIED COMPLAINT
*Shell v. Greenpeace*
Page 14 of 14

Case 3:12-cv-00042-SLG   Document 1   Filed 02/24/12   Page 14 of 14