James E. Torgerson (Bar No. 8509120)
Jeffrey W. Leppo (Bar No. 0001003)
Ryan P. Steen (Bar No. 0912084)
STOEL RIVES LLP
510 L Street, Suite 500
Anchorage, AK 99501
Telephone: (907) 277-1900
Facsimile: (907) 277-1920
jetorgerson@stoel.com
jwleppo@stoel.com
rpsteen@stoel.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SHELL OIL COMPANY, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>GREENPEACE, INC., a California corporation, and JOHN and JANE DOES 1-20,<br><br>Defendants. | Case No.: 3:12-cv-00042-SLG<br><br>FIRST AMENDED VERIFIED COMPLAINT |

## I. NATURE OF THE CASE

1. Shell Oil Company ("Shell") brings this action for injunctive and other relief to prevent Greenpeace and individuals affiliated with and acting in concert with Greenpeace (but whose identities are not known at this time) (collectively "Greenpeace") from committing federal and state common law and maritime violations. The actual and threatened actions of Greenpeace are in furtherance of a carefully staged campaign of entirely illegal and extremely unsafe activities directed against Shell for the purpose of unlawfully preventing, or otherwise unlawfully disrupting, delaying, and interfering with, oil and gas exploration drilling in the U.S.

FIRST AMENDED VERIFIED COMPLAINT
*Shell Oil Company v. Greenpeace, Inc., et al.*
Page 1 of 20

**STOEL RIVES LLP**
510 L Street, Suite 500, Anchorage, AK 99501
*Main (907) 277-1900   Fax (907) 277-1920*

Outer Continental Shelf ("OCS") of the Chukchi and Beaufort Seas adjacent to Alaska's northern coast.

2. This action is brought to protect Shell's Arctic 2012 exploration drilling, including the associated vessels, facilities, and personnel, and Shell's other assets, including its substantial OCS assets in the Gulf of Mexico, from tortious and illegal conduct by Greenpeace.

3. In order for Shell to conduct exploration drilling in the Beaufort and Chukchi Seas, Shell must transport numerous vessels, including two large mobile drilling vessels known as the *Noble Discoverer* and the *Kulluk*, to isolated locations within the Arctic Ocean 16 to 75 miles offshore of Alaska, anchor these vessels, and conduct exploration drilling operations during the short open water season in the Arctic, while also engaging in ice management, anchor management, oil spill response, refueling, resupplying, and servicing of drilling operations. The *Noble Discoverer* must be brought from New Zealand using a tow assist. The *Kulluk* must be towed from Seattle, Washington. Other essential vessels must transit on a specific schedule from numerous other locations to the Arctic Ocean. Shell also currently owns a substantial number of OCS oil and gas leases in the Gulf of Mexico on which there are ongoing federally-permitted exploration and development drilling and production facilities and operations. These activities and facilities, some of which are located in very deep waters, require ongoing oil spill response, refueling, resupplying, servicing, and personnel changes.

4. Greenpeace has embarked on an international campaign against Shell and Shell's U.S. OCS assets. Greenpeace has already engaged in tortious and illegal conduct against Shell, including trespass, occupation, and endangerment of the *Noble Discoverer*. Greenpeace intends to disrupt, delay, and if possible, prevent Shell from conducting exploration drilling in the Arctic Ocean OCS in 2012 by committing on-the-water or nearshore acts of trespass and nuisance; by

FIRST AMENDED VERIFIED COMPLAINT
*Shell Oil Company v. Greenpeace, Inc., et al.*
Page 2 of 20

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900   Fax (907) 277-1920

intentionally endangering the safety of vessels, drilling facilities, and personnel while navigating in territorial waters, waters of the U.S. Exclusive Economic Zone ("EEZ"), and on the high seas; by interfering with contractual relationships; and by otherwise impairing Shell's right and ability to navigate and to conduct commerce within the OCS and on the high seas free from tortious and criminal conduct.

5. Left unsanctioned, Greenpeace's actions will prevent Shell from transporting vessels, facilities, supplies, and personnel to the Chukchi and Beaufort Seas, and from conducting federally-permitted exploration drilling activities on Shell-owned OCS oil and gas leases, during the brief 2012 open water season in the Arctic Ocean. Moreover, Greenpeace will otherwise severely impair and endanger Shell's vessels, facilities, property, and personnel, interfere with contractual relations, trespass and impair Shell's right to navigate and conduct commerce within U.S. territorial waters, within waters of the EEZ, and on the high seas. If not immediately enjoined, Greenpeace's illegal antics are intended to, and will cause Shell, irreparable and immeasurable harm.

## II.   PARTIES

6. Shell Oil Company is a Delaware corporation operating in Alaska.

7. Greenpeace, Inc. is a non-profit California corporation having its principal place of business in the District of Columbia, and is a worldwide environmental advocacy organization with offices in Anchorage and Sitka, Alaska. Greenpeace has been active in Alaska since the 1970s. It is registered in Alaska as a non-profit corporation. It has been and is an active litigant before this Court, including in Case No. 3:10-cv-00271-TMB.

8. John and Jane Does 1-20 are individuals whose identities are unknown at this time. On information and belief, John and Jane Does 1-20 intend to support, assist, or

participate in Greenpeace's tortious and illegal acts to blockade and otherwise disrupt transport of the *Noble Discoverer* and *Kulluk* to the Arctic, conduct of exploration activities in the Arctic Ocean during the 2012 open water season and conduct of exploration and production activities in the Gulf of Mexico.

### III. JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1333, because, among other grounds, Shell's causes of action are based on questions of federal law and include tort and other claims, including interference (i) with marine traffic on navigable waters, (ii) with the performance of marine contracts, and (iii) with facilities engaged or preparing to engage in OCS activities, all of which bear a substantial relationship to traditional marine activity. Additionally, this Court has original subject matter jurisdiction pursuant to 43 U.S.C. § 1349(b)(1) which provides the district courts of the United States with jurisdiction over cases and controversies arising out of or in connection with any operations involving exploration, development, or production of the subsoil of the seabed of the OCS. Finally, upon information and belief, this Court has jurisdiction under 28 U.S.C. § 1332 because of diversity of citizenship between plaintiff and defendants.

10. Venue is appropriate in this court pursuant to 28 U.S.C. § 1391.

### IV. GENERAL ALLEGATIONS

11. Shell and its affiliates own interests in certain OCS oil and gas leases, including leases located in Alaska's Chukchi and Beaufort Seas, and in the Gulf of Mexico.

12. During the 2012 open water season in the Arctic Ocean, Shell intends to conduction exploration activities, including exploration drilling, in the Chukchi and Beaufort

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
*Main* (907) 277-1900   *Fax* (907) 277-1920

**STOEL RIVES LLP**
510 L Street, Suite 500, Anchorage, AK 99501
*Main (907) 277-1900   Fax (907) 277-1920*

Seas. The drilling vessels that will be used for the 2012 exploration drilling in the Arctic Ocean are the *Noble Discoverer* and *Kulluk*.

13. The *Noble Discoverer* is currently in New Zealand and making preparations to leave via tow assist using the *Dauntless*. The *Noble Discoverer* under tow assist by the *Dauntless* will be transiting to waters of the U.S. Exclusive Economic Zone, to territorial waters of the United States, and to one or more ports within the United States, before proceeding (possibly via tow assist) to the Chukchi Sea. The *Kulluk* is current moored in Seattle, Washington. From Seattle, Washington, the *Kulluk* under tow by the *Aiviq*, will transit to the Beaufort Sea.

14. In order to conduct drilling operations in the Arctic Ocean in 2012, the *Noble Discoverer* and the *Kulluk* will each be attended by numerous vessels. These vessels will be used for ice management, anchor handling, oil spill response, refueling, resupply, and servicing of the drilling operations. The majority of these vessels have lengths greater than 30.5 meters and drafts of at least four meters. The support vessels include the following: *Nordica* (ice breaker); *Fennica* (icebreaker); *Tor Viking* (anchor handler); *Explorer* (supply vessel); *Spirit* (supply vessel); *Hauler* (supply vessel); *Aiviq* (anchor handler); *Nanuq* (oil spill response); *Guardsman* (oil spill response); *Klamath B* (oil spill response); *Containment System* (oil spill response); *Harvey Explorer* (supply vessel); *Harvey Spirit* (supply vessel); *Harvey Hauler* (supply vessel); *Endeavour* (oil spill response); and *Oliktok* (oil spill response). Other specific vessels, including a tanker, and a supply barge and tug, are yet to be determined.

15. The close presence of vessels, aircraft such as helicopters, and individuals with uncertain and unpredictable motives and intentions, to drilling operations and to drilling vessels and support vessels in transit to a drilling location or operating at a drilling location, presents

FIRST AMENDED VERIFIED COMPLAINT
*Shell Oil Company v. Greenpeace, Inc., et al.*
Page 5 of 20

unacceptable and irreparable risks to safety, property, and the environment. Weather in the Arctic is dynamic. Ice conditions are similarly unpredictable and dynamic. Water temperatures are frigid with extremely short survivability times. Tactics such as blockading vessels in transit, boarding vessels, and chaining of individuals to anchors, vessels, or other facilities, during operations in the Arctic Ocean seriously degrade the ability to monitor, and respond to ever present risks, and very significantly increase the risks of collisions or allisions, injuries to personnel, damage to essential facilities and equipment, and harm to the environment from a catastrophic event.

16. The ability to conduct exploration drilling in the Arctic Ocean is very seriously constrained in time period and duration to a brief portion of the Arctic open water season during which operations will not present an undue risk as a result of ice conditions, weather, the potential to interfere with Alaska Native subsistence activities, or the potential to affect marine mammal passage. Impeding, blockading, or otherwise delaying Shell's 2012 exploration drilling operations, or forcing Shell to cease operations for some period of time, would have a series of irreparable impacts on the interrelated web of agreements and permits among Shell and numerous contractors, suppliers, numerous federal agencies, and Native organizations.

17. The 2012 exploration drilling plans have required an enormous and costly effort, involving coordination of numerous permitting and license requirements from federal agencies, study and accommodation of Native rights and concerns, and coordination and mobilization of numerous necessary and interrelated contract services to construct, transport, install, supply, fuel, and ultimately operate the drilling and support vessels in their remote locations. Because of the complexity of the numerous interrelated permitting, logistical and operational activities, and contractual services, and the limitations imposed by navigational, weather, tides, and ice

FIRST AMENDED VERIFIED COMPLAINT
*Shell Oil Company v. Greenpeace, Inc., et al.*
Page 6 of 20

**STOEL RIVES LLP**
510 L Street, Suite 500, Anchorage, AK 99501
*Main (907) 277-1900   Fax (907) 277-1920*

conditions, a delay of even a single day presents the very real risk that Shell's contractors or Shell will be unable to perform or to complete their contractual responsibilities, and that Shell will as a consequence be unable to conduct or complete its exploration drilling program.

18. Shell is actively engaged in oil and gas exploration, development, and production on its OCS leases in the Gulf of Mexico on a continuous and ongoing basis. The offshore drilling rigs, platforms, and other facilities that are owned or operated by or on behalf of Shell in the Gulf of Mexico are as follows: Perdido, Auger, Brutus, Mars, Ram Powell, Ursa, Cognac, West Delta-143 A, West Delta-143 B, Couger, Boxer, Enchilada, Brazos A19, North Padre Island-975, Noble Jim Thompson, Noble Danny Adkins, Transocean Nautilus, Noble Jim Day, Noble Driller, and Bully 1 (as of March 2012).

19. Many of the risks presented by the close presence of vessels, aircraft such as helicopters, and individuals with uncertain and unpredictable motives and intentions, to drilling operations and to drilling vessels and support vessels in the Arctic Ocean are also present in the Gulf of Mexico. Although ice is not present and the water temperature is not frigid, tactics such as blockading vessels or rigs in transit, boarding vessels or rigs, and chaining of individuals to anchors, vessels, or other facilities during oil and gas operations still presents unacceptable and irreparable risks to safety, property, and the environment. Among other things, these types of tortious and illegal activity seriously degrade the ability to respond to ever present risks, and very significantly increase the risks of collisions or allisions, injuries to personnel, damage to essential facilities and equipment, and harm to the environment from a catastrophic event.

20. Greenpeace has a pattern and practice of tortious and illegal actions, and publically touts its ongoing and future intention to continue engaging in such conduct. Greenpeace has blockaded vessels, blocked passage of vessels, trespassed on vessels, vandalized

**STOEL RIVES LLP**
510 L Street, Suite 500, Anchorage, AK 99501
*Main (907) 277-1900   Fax (907) 277-1920*

property, chained individual protesters to rigs of drilling vessel equipment, and unlawfully boarded and occupied drilling rigs. In 2012, Greenpeace has publically initiated a training program in St. Petersburg, Florida, for the specific purpose of providing training in how to board and barricade vessels and facilities located offshore.

21. Greenpeace has made numerous public statements that it intends to stop Shell from conducting oil and gas exploration activities in the Arctic Ocean in 2012, and that it will not cease its actions against Shell until Shell agrees to stay out of the Arctic.

22. In furtherance of its campaign against Shell, on or about February 23, 2012, Greenpeace unlawfully boarded and occupied the *Noble Discoverer* for the express purpose of preventing its transit from New Zealand to the Arctic so that Shell cannot engage in exploration drilling in the Arctic Ocean.

23. One of Greenpeace's three large vessels has just been moved into the Gulf of Mexico, in proximity to Shell's oil and gas exploration and development operations and facilities located there. While near the Gulf of Mexico, this vessel has been directly engaged in training Greenpeace activists how to board and barricade offshore vessels and facilities.

24. Greenpeace has previously engaged in tortious and illegal conduct against Shell in the Gulf of Mexico as part of its campaign against Arctic oil and gas leasing, exploration and development. In May, 2010, Greenpeace unlawfully boarded the *Harvey Explorer*, a vessel currently contracted to Shell to provide support for the 2012 exploration drilling programs in the Arctic Ocean.

25. Greenpeace has interfered with, and has indicated it intends to continue interfering with Shell, including with its ability to safely transport the *Noble Discoverer* from New Zealand to the Chukchi Sea. Given the maneuverability and navigation constraints

inherently faced by the *Noble Discoverer* and the *Kulluk* due to their size, sea ice, and meteorological conditions, efforts by Greenpeace to blockade the rig with smaller vessels (including Zodiacs or kayaks) or human divers, or to block the path of these vessels while under tow or tow assist, are extremely dangerous and possibly life-threatening.

26. The presence of Greenpeace activists of unknown and unascertainable experience and intentions in close proximity to Shell's 2012 exploration drilling activities and vessels, or in close proximity to Shell's Gulf of Mexico OCS operations, would create an unsafe and unpredictable situation in which the safety of neither the Greenpeace members nor the employees and contractors of Shell could be assured. Greenpeace has a well-established institutional reputation and history for extremist and reckless conduct involving human and marine blockades. Under the circumstances, were Greenpeace allowed in proximity to Shell's vessels or operations, their presence would create a "Hobson's Choice" for Shell of abandoning lawful operations as long as Greenpeace is present, and thereby incurring irreparable harm, or proceeding at grave risk to life, limb, property, and the environment. Because Shell is unwilling to risk the consequences of reckless actions or intentional misconduct by Greenpeace, the organization's presence will, for all real and practical purposes, cause irreparable harm.

27. Recognizing the dangers posed by Greenpeace's past illegal conduct and the otherwise dynamic conditions present in the Arctic Ocean, the U.S. Coast Guard has proposed to establish "temporary safety zones" around the *Noble Discoverer* and the *Kulluk* while anchored in the Arctic Ocean. However, the U.S. Coast Guard has not issued a final decision on its proposals, and its proposal do not apply to the drillships while in transit under tow or tow assist to the Arctic Ocean, to support vessels or to Shell's Gulf of Mexico facilities. Moreover, the past

FIRST AMENDED VERIFIED COMPLAINT
*Shell Oil Company v. Greenpeace, Inc., et al.*
Page 9 of 20

**STOEL RIVES LLP**
510 L Street, Suite 500, Anchorage, AK 99501
*Main (907) 277-1900   Fax (907) 277-1920*

and present conduct of Greenpeace demonstrates only contempt for federal safety zones, endangerment of lives, and irreparable harm to lawful commerce.

## V.     CAUSES OF ACTION

### First Cause of Action:
### Nuisance

28.     Shell re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 27 of this Complaint.

29.     One who obstructs or interferes with another's free passage on any navigable water commits a public and/or a private nuisance.

30.     Greenpeace has intentionally and knowingly obstructed and interfered with the free passage and operation of the *Noble Discoverer*, and threatens to interfere with free passage and operation of the *Noble Discoverer*, the *Kulluk*, other vessels owned or operated by or on behalf of Shell, and OCS facilities owned or operated by or on behalf of Shell, by blockading those vessels, blocking the path of those vessels, positioning their own vessels and associated equipment and human divers at unsafe locations near the path of those vessels and facilities or on those vessels and facilities, or by engaging in other tortious and unlawful actions.

31.     These actions by Greenpeace have caused and threaten to cause a public nuisance because of the inherent public dangers associated with such tortious and illegal activity.

32.     Greenpeace's actions and threatened actions constitute a private nuisance because the dangers inherent in their protest activity will be specially borne by Shell.

### Second Cause of Action:
### Tortious Interference With Contractual Relations

33.     Shell re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 32 of this Complaint.

**STOEL RIVES LLP**
510 L Street, Suite 500, Anchorage, AK 99501
*Main (907) 277-1900    Fax (907) 277-1920*

34. Any person who intentionally and improperly interferes with the performance of a contract between another and a third person or with a contractual expectancy is liable for loss resulting from the interference.

35. Greenpeace has improperly, intentionally, and knowingly interfered with, and threatens to continue to interfere with, Shell's contracts for the transport of the *Noble Discoverer* and other vessels to the Arctic Ocean, for exploration drilling in the Arctic Ocean in 2012, and for exploration, development, and production operations in the Gulf of Mexico.

36. Greenpeace has improperly interfered with Shell's ability to comply with the conditions of its oil and gas leases and other contracts, including those related to Chukchi Sea and the Beaufort Sea oil and gas exploration and development.

### Third Cause of Action: Trespass and Trespass to Chattels

37. Shell re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 36 of this Complaint.

38. A defendant is liable for trespass to chattels if he dispossesses another of the chattel or intermeddles with the chattel. A defendant is liable for trespass to property if it takes possession of, interferes with possession of, or is present upon another's property without lawful right or interest.

39. Greenpeace has boarded and occupied the *Noble Discoverer*. It threatens to commit further trespasses to stop, delay, or interfere with Shell's exploration activities in the Arctic Ocean, by boarding vessels or facilities, chaining or securing persons to anchors, vessels, or facilities, or by otherwise physically occupying, contacting, damaging, or impeding Shell's possession, use, and operation of vessels and facilities, whether located at docks in Seattle or elsewhere, or located on territorial waters, the OCS, waters of the EEZ, or the high seas.

**STOEL RIVES LLP**
510 L Street, Suite 500, Anchorage, AK 99501
*Main (907) 277-1900   Fax (907) 277-1920*

40. These activities constitute trespass or trespass to chattels.

## Fourth Cause of Action:
### False Imprisonment

41. Shell re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 40 of this Complaint.

42. A party who intentionally confines another person within fixed boundaries is liable for false imprisonment.

43. Greenpeace is impeding progress and effectively blockading the *Noble Discoverer* and threatening to further impede the movement of the *Noble Discoverer* and other vessels owned or operated by or for Shell. By making or threatening to make it impossible for these vessels to move, Greenpeace has and threatens to falsely imprison those on board the vessels.

## Fifth Cause of Action:
### Assault

44. Shell re-alleges and incorporates the allegations contained in paragraphs 1 through 43 of this Complaint.

45. A person commits assault when that person, *inter alia*, recklessly places another person in fear of imminent serious physical injury by means of a dangerous instrument.

46. Greenpeace's extremely dangerous actions and threatened actions on and near drilling operations, vessels in transit and vessels in port, have recklessly placed and threaten to recklessly place persons onboard the *Noble Discoverer* and other vessels in fear of imminent physical injury by means of a dangerous instrument.

**STOEL RIVES LLP**
510 L Street, Suite 500, Anchorage, AK 99501
*Main* (907) 277-1900   *Fax* (907) 277-1920

### Sixth Cause of Action:
### Conversion

47. Shell re-alleges and incorporates the allegations contained in paragraphs 1 through 46 of this Complaint.

48. A person commits conversion when they exert unauthorized use or control of another person's personal property.

49. Greenpeace's actual and threatened conduct, as alleged above, including its illegal boarding and occupation of the *Noble Discoverer*, constitutes unauthorized use and control, and tortious conversion, of Shell's personal property.

### Seventh Cause of Action:
### Violation of Proposed and Existing Safety Zones

50. Shell re-alleges and incorporates the allegations contained in paragraphs 1 through 49 of this Complaint.

51. The U.S. Coast Guard has proposed temporary safety zones around the *Noble Discoverer* and the *Kulluk* while the vessels are anchored or deploying and recovering moorings on location to drill exploratory wells at various prospects located in the Chukchi and Beaufort Seas from July 1, 2012 to October 31, 2012.

52. The U.S. Coast Guard has established multi-year safety zones for other Shell drilling operations in the Gulf of Mexico.

53. Pursuant to 33 C.F.R. § 147.1, the purpose of a safety zone is "to promote the safety of life and property on the facilities, their appurtenances and attending vessels, and on the adjacent waters within the safety zones."

54. Greenpeace's pattern of past conduct, as well as its present conduct and statements, demonstrate that it intends to violate the proposed temporary safety zones for the

FIRST AMENDED VERIFIED COMPLAINT
*Shell Oil Company v. Greenpeace, Inc., et al.*
Page 13 of 20

*Noble Discoverer* and the *Kulluk*, and the existing safety zones in the Gulf of Mexico, and therefore to violate 33 C.F.R. § 147.1.

**Eighth Cause of Action:**
**Reckless Endangerment**

55. Shell re-alleges and incorporates the allegations contained in paragraphs 1 through 54 of this Complaint.

56. A person commits the crime of reckless endangerment if the person recklessly engages in conduct that creates a substantial risk of serious physical injury to another person.

57. Greenpeace's positioning of its vessels in front of the *Noble Discoverer* so as to blockade its movement, illegally boarding the *Noble Discoverer*, and threatening to do the same on other Shell vessels, and other actions, constitutes reckless endangerment in conduct that creates a substantial risk of serious physical injury to another person.

**Ninth Cause of Action:**
**Violation of International Regulations for**
**Preventing Collisions at Sea (33 U.S.C. § 1602)**

58. Shell re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 57 of this Complaint.

59. The United States has adopted the International Regulations for Preventing Collisions at Sea, also known as the COLREGS, which are found following 33 U.S.C. § 1602. The COLREGS set forth a series of rules that vessels must follow in order to avoid collisions, to stay out of one another's path, and to navigate safely.

60. In particular, Rule 18 provides that a power driven vessel "shall keep out of the way of" a vessel that is restricted in its ability to maneuver, such as a vessel engaged in a towing operation.

**STOEL RIVES LLP**
510 L Street, Suite 500, Anchorage, AK 99501
*Main (907) 277-1900   Fax (907) 277-1920*

61. Greenpeace has interfered with the *Noble Discoverer* and threatened to interfere with other vessels by blocking the path of those vessels, and positioning their own power-driven vessels and associated equipment and divers at unsafe locations near and directly in front of those vessels.

62. Greenpeace's efforts to blockade or block the path of these vessels are in flagrant disregard of the COLREGS.

## Tenth Cause of Action:
## Malicious Mischief On the High Seas

63. Shell re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 62 of this Complaint.

64. 18 U.S.C. § 1363 prohibits a person within the special maritime and territorial jurisdiction of the United States from willfully and maliciously injuring or attempting to injure any structure, conveyance, or other real or personal property.

65. Greenpeace has interfered with the *Noble Discoverer* and has threatened to interfere with other vessels by blocking the path of those vessels, and positioning their own vessels and associated equipment and divers at unsafe locations near and directly in front of those vessels, and by other actions. These actions constitute violations of 18 U.S.C. § 1363.

## Eleventh Cause of Action:
## Violence Against Maritime Navigation

66. Shell re-alleges and incorporates the allegations contained in paragraphs 1 through 65 of this Complaint.

67. Under 18 U.S.C. § 2280, it is unlawful for any person to seize or exercise control or to attempt to do the same over a ship by force or threat or any other form of intimidation. It is similarly unlawful to cause damage to a ship which is likely to endanger its safe navigation.

**STOEL RIVES LLP**
510 L Street, Suite 500, Anchorage, AK 99501
*Main* (907) 277-1900   *Fax* (907) 277-1920

68. Greenpeace's efforts and threats to blockade or block the free navigation of the *Noble Discoverer* and other Shell vessels and facilities under tow or tow assist violates 18 U.S.C. § 2280.

### Twelfth Cause of Action:
### Damage to the Property of an Energy Facility

69. Shell re-alleges and incorporates the allegations contained in paragraphs 1 through 68 of this Complaint.

70. Under 18 U.S.C. § 1366, whoever knowingly and willfully damages or attempts or conspires to damage the property of an energy facility in an amount that in fact exceeds or would exceed $5,000, or to cause a significant interruption or impairment of a function of an energy facility, is subject to criminal sanction.

71. The *Noble Discoverer*, *Kulluk*, support vessels, and tow vessels, and Shell's Gulf of Mexico exploration and production rigs are each an "energy facility" within the meaning of 18 U.S.C. § 1366(c).

72. Greenpeace has knowingly and willfully acted, conspired and threatened to act to damage or attempt to damage an energy facility, and the property damages that have been or would be caused by Greenpeace's extremely dangerous and unlawful actions would far exceed $5,000, in addition to nonmonetary and irreparable harm to persons, property, and the environment.

### VI. PRAYER FOR RELIEF

WHEREFORE, Shell requests the following relief:

1. Entry of temporary, preliminary, and permanent injunctive relief, prohibiting Greenpeace, its agents, servants, employees, and all others acting in concert with Greenpeace, from engaging in tortious and illegal actions against vessels, facilities, and property owned or

FIRST AMENDED VERIFIED COMPLAINT
*Shell Oil Company v. Greenpeace, Inc., et al.*
Page 16 of 20

Case 3:12-cv-00042-SLG   Document 4   Filed 02/27/12   Page 16 of 20

operated by or on behalf of Shell and located in a U.S. port or operating within U.S. territorial waters, the OCS, and waters of the EEZ, including (i) breaking into or trespassing on any such vessel, property, or facility, (ii) tortiously or illegally interfering with the movement, progress, or operation of any such vessel, property or facility, (iii) barricading, blocking, or preventing access to or egress from any such vessel, property, or facility; and (iv) endangering or threatening any employee or visitor of Shell or any of its affiliates who is present on, or as they enter or exit, any such vessel, facility, or property;

2. Entry of temporary, preliminary, and permanent injunctive relief, establishing safety zones around and over vessels, facilities, and property owned or operated by or on behalf of Shell and located in a U.S. port or operating within U.S. territorial waters, the OCS, and waters of the EEZ, and further enjoining Greenpeace, its agents, servants, employees, and all others acting in concert with Greenpeace, from entering these safety zones;

3. An award of consequential damages for the pecuniary loss experienced by Shell as a result of Greenpeace's interference with its contractual obligations;

4. An award of damages including incidental damages for all injuries resulting from the tortious actions of Greenpeace and the individual defendants;

5. An award of punitive damages because Greenpeace's protest antics are both willful and grossly negligent and demonstrate a callous disregard for the rights of others; and

6. An award of any other and further relief, including costs and attorney fees, as the Court deems just and equitable.

DATED: February 27, 2012

                STOEL RIVES LLP

                By: s/ Jeffrey W. Leppo
                   JAMES E. TORGERSON
                   (BAR NO. 8509120)
                   JEFFREY W. LEPPO
                   (BAR NO. 0001003)
                   RYAN P. STEEN
                   (BAR NO. 0912084)

                Attorneys for Plaintiff

**STOEL RIVES LLP**
510 L Street, Suite 500, Anchorage, AK 99501
*Main (907) 277-1900   Fax (907) 277-1920*

## VERIFICATION

I, Lynn Borgmeier, am fully authorized, on behalf of Shell Oil Company ("Shell"), to make this verification. The facts set forth in the foregoing First Amended Verified Complaint are not within my personal knowledge, but the information contained therein is drawn from the personal knowledge of the persons whose declarations are filed herewith, and from pertinent business records and information supplied by individuals whom Shell relies upon in the ordinary course of business, and based thereon, I am informed and believe that all of the facts in the foregoing First Amended Verified Complaint are true and correct. I verify under penalty of perjury that the foregoing is true and correct.

EXECUTED on February 27, 2012.

Signature: *Lynn Borgmeier*

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900   Fax (907) 277-1920

FIRST AMENDED VERIFIED COMPLAINT
*Shell Oil Company v. Greenpeace, Inc., et al.*
Page 19 of 20

**CERTIFICATE OF SERVICE**

I hereby certify that on the 27th of February, a copy of the foregoing First Amended Verified Complaint was served on the following parties via hand-delivery and regular U.S. mail:

Greenpeace, Inc.
125 Christensen Drive, Ste. 2
Anchorage, AK 99501

Greenpeace, Inc.
475 Katlian Street
Sitka, AK 99835

Greenpeace, Inc.
75 Arkansas Street, Ste. 1
San Francisco, CA 94107

s/ Jeffrey W. Leppo
Jeffrey W. Leppo

71296165.5 0079498-00001

**STOEL RIVES LLP**
510 L Street, Suite 500, Anchorage, AK 99501
*Main (907) 277-1900   Fax (907) 277-1920*

FIRST AMENDED VERIFIED COMPLAINT
*Shell Oil Company v. Greenpeace, Inc., et al.*
Page 20 of 20

Case 3:12-cv-00042-SLG   Document 4   Filed 02/27/12   Page 20 of 20