IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SHELL OIL COMPANY, a Delaware corporation, <br><br> Plaintiff, <br><br> vs. <br><br> GREENPEACE, INC., a California corporation, and JOHN and JANE DOES 1-20, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No.: 3:12-cv-00042-SLG |

## ORDER GRANTING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND SCHEDULING HEARING

Before the court at docket 6 is plaintiff Shell Oil Company's Motion for a Temporary Restraining Order. A hearing on the motion was held before this court on February 29, 2012. Appearances were made on behalf of Shell and Greenpeace, Inc. (Greenpeace USA).

In its First Amended Verified Complaint, ("Complaint"), Shell asserts twelve causes of action against Greenpeace: (1) nuisance, (2) tortious interference with contractual relations, (3) trespass and trespass to chattels, (4) false imprisonment, (5) assault, (6) conversion, (7) violation of proposed and existing safety zones, (8) reckless endangerment, (9) violation of International Regulations for Preventing Collisions at Sea (33 U.S.C. § 1602), (10) malicious mischief on the high seas, (11) violence against maritime navigation, and (12) damage to the property of an energy facility.

Shell seeks a temporary restraining order with the stated purpose of preventing Greenpeace from interfering with Shell's drilling plans in the Arctic Ocean.[1] Shell has also filed a motion for a preliminary injunction that is pending before the court. Shell intends to carry out an exploration drilling program on its leases in the Chukchi Sea and the Beaufort Sea in the summer of 2012. Shell's Complaint indicates that it has prepared for this program for several years and obtained approval from multiple federal agencies. There are two primary vessels that Shell has indicated it intends to use in this program, the *Noble Discoverer* and the *Kulluk*, although there are numerous other vessels that Shell has indicated will also be used for such functions as ice management, anchor handling, oil spill response, refueling, resupply, and servicing of the drilling operations.[2]

Shell asserts that Greenpeace, an international environmental advocacy organization, has initiated a campaign targeted at preventing Shell from engaging in this program. Greenpeace has publicly stated its commitment to preventing Shell from conducting oil and gas exploration in the Arctic Ocean in 2012.[3] Shell's Complaint in this action asserts that on or about February 23, 2012, in New Zealand, Greenpeace boarded and occupied the *Noble Discoverer*. Greenpeace's stated purpose in occupying the vessel was to prevent the *Noble Discoverer*'s journey from New Zealand

---

[1] Memorandum in Support of Motion for Temporary Restraining Order and Preliminary Injunction at 1-2.

[2] *See* Declaration of Mark W. Duplantis at 3-4.

[3] *See, e.g.*, Declaration of Peter Scott, Ex. M at 55.

3:12-cv-00042-SLG, *Shell Oil Co. v. Greenpeace, Inc.*
Order Granting Plaintiff's Motion for Temporary Restraining Order
Page 2 of 9

Case 3:12-cv-00042-SLG   Document 27   Filed 03/01/12   Page 2 of 9

to the Arctic Ocean so that Shell could not carry out its drilling program.[4] Shell asserts in its Complaint that Greenpeace has a history of engaging in illegal conduct against Shell in the Gulf of Mexico.[5] Specifically, Shell asserts that Greenpeace illegally boarded the *Harvey Explorer*, a vessel contracted to Shell, in the Gulf of Mexico in May 2010.[6]

At the hearing on the motion for the temporary restraining order, Greenpeace did not dispute that this court has jurisdiction over Shell's action, and Shell's Complaint expressly asserts bases for this court's jurisdiction over its causes of action. But counsel for Greenpeace USA indicated that there is a legal distinction between Greenpeace International, which is based in the Netherlands, and Greenpeace USA, which is a California corporation. Greenpeace USA asserts that there is no basis in the record to support the issuance of a temporary restraining order against it.

While the specific recent incident in New Zealand may not have directly involved Greenpeace USA, there is other support in the record to indicate that Shell is likely to suffer immediate and irreparable harm if illegal and tortious conduct by Greenpeace USA is not enjoined. Specifically, exhibits to the Declaration of Peter Scott filed in support of Shell's motion demonstrate the following: Greenpeace USA has engaged in conduct in the Arctic Ocean aimed at disrupting oil and gas activity in the past that

---

[4] *Id.*

[5] Complaint at 8.

[6] *Id.*

3:12-cv-00042-SLG, *Shell Oil Co. v. Greenpeace, Inc.*
Order Granting Plaintiff's Motion for Temporary Restraining Order
Page 3 of 9

Case 3:12-cv-00042-SLG   Document 27   Filed 03/01/12   Page 3 of 9

resulted in injunctive relief,[7] Greenpeace USA's website has fully supported the New Zealand action;[8] and Greenpeace USA has just recently conducted a training camp it described as focusing on "protest tactics"[9] in Tampa, Florida that included three skillsets: climbing, boat driving, and blockades. Greenpeace USA indicated that in training for blockades, "[t]rainees in this track will learn essential skills for immobilizing and occupying space using technical tools and their own bodies."[10]  In short, while Greenpeace USA may not have been directly involved in the recent events in New Zealand regarding the *Noble Discoverer*, there is ample indication in the current record to support Shell's assertion that Greenpeace USA is likely to engage in "a carefully staged campaign of entirely illegal and extremely unsafe activities directed against Shell for the purpose of unlawfully preventing, or otherwise unlawfully disrupting, delaying, and interfering with, oil and gas exploration drilling in the U.S. Outer Continental Shelf ("OCS") of the Chukchi and Beaufort Seas adjacent to Alaska's northern coast."[11]

---

[7] *See* Scott Declaration, Exhibit E, Temporary Restraining Order in A97-0317-CV, *Arco Alaska Inc. vs. Greenpeace, USA, et al.* ; see also Exhibit G, Exhibit H.

[8] See Scott Declaration, Exhibits M, N, and O. Specifically, the Greenpeace USA website describes the New Zealand Greenpeace activists as "our activists" and urges viewers of its website to "Take action alongside our activists now. Demand Shell stop their plans to put the fragile Arctic and its biodiversity at risk." Exhibit O. And the Greenpeace USA Deputy Campaign Director is quoted on the Greenpeace USA web page as stating with regard to the New Zealand incident, "We've taken action today to stop Shell from drilling in the Arctic … Shell must keep the Noble Discoverer in port, or risk a catastrophe in Alaska worse than the Deepwater Horizon disaster in the Gulf of Mexico."

[9] Scott Declaration, Exhibit P at 4.

[10] Scott Declaration, Exhibit P at 1.

[11] First Amended Verified Complaint at 1-2.

3:12-cv-00042-SLG, *Shell Oil Co. v. Greenpeace, Inc.*
Order Granting Plaintiff's Motion for Temporary Restraining Order
Page 4 of 9

Case 3:12-cv-00042-SLG   Document 27   Filed 03/01/12   Page 4 of 9

Greenpeace USA also maintained at the hearing that this court should deny Shell's motion for a temporary restraining order because Shell did not fully comply with the procedural requirements of Local Rule (Civil) 7.2(c) when it filed its motion for a hearing on shortened time. However, this Court finds that Shell's compliance with that rule was adequately demonstrated in the context of filing its motion for injunctive relief at the very outset of the case. Moreover, the facts as alleged by Shell demonstrate that submitting into the public record the precise dates on which certain vessels will be located in U.S. territorial waters or the waters of the United States' Exclusive Economic Zone ("EEZ") increases the risk of the very harm that Shell is trying to address in this proceeding.

The standard for obtaining a temporary restraining order is the same as that for a preliminary injunction. Plaintiffs seeking injunctive relief must establish that "(1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) a preliminary injunction is in the public interest."[12] Under this standard, "plaintiffs must establish that irreparable harm is *likely*, not just possible, in order to obtain a preliminary injunction."[13] In the Ninth Circuit, a sliding scale analysis may be applied in weighing factors (1), the likelihood of success on the merits, and (3), the balance of equities.[14]

---

[12] *Sierra Forest Legacy v. Ray*, 577 F.3d 1015, 1021 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

[13] *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127,1131 (9th Cir. 2011)(emphasis in original).

[14] *Id.* at 1131-32.

3:12-cv-00042-SLG, *Shell Oil Co. v. Greenpeace, Inc.*
Order Granting Plaintiff's Motion for Temporary Restraining Order
Page 5 of 9

Case 3:12-cv-00042-SLG   Document 27   Filed 03/01/12   Page 5 of 9

Injunctive relief is an equitable remedy, and "[t]he essence of equity jurisdiction is the power of the court to fashion a remedy depending upon the necessities of the particular case."[15]

Based on the record now before this court, this court finds that Shell is likely to succeed on the merits of this action and obtain injunctive relief that would preclude Greenpeace USA from committing illegal or tortious acts against it. Further, Shell has demonstrated that it is likely to suffer immediate irreparable harm if injunctive relief is not ordered with respect to the *Noble Discoverer* and the *Kulluk*. The record demonstrates that staging efforts for these two vessels for the 2012 summer drilling season are currently underway, and that disruption by Greenpeace activists of those staging efforts would likely harm Shell's drilling activities. Clearly, the balance of equities tips in Shell's favor with respect to enjoining illegal and tortious activity against it. Moreover, injunctive relief to prevent such conduct is in the public interest.[16] Accordingly, this court will enter immediate injunctive relief that precludes illegal and tortious conduct with respect to the *Noble Discoverer* and the *Kulluk* when these vessels are within this court's jurisdiction.

This court will defer whether and to what extent further injunctive relief may be entered pending a hearing on Shell's motion for preliminary injunctive relief.

---

[15] *Sierra Forest*, 577 F.3d at 1022; citing *United States v. Odessa Union Warehouse Co-op*, 833 F.2d 172, 175 (9th Cir. 1987).

[16] *See also* 43 U.S.C. § 1331 et. seq. There, Congress expressly directed the Secretary of Interior to oversee the "expeditious and orderly development" of Outer Continental Shelf ("OCS") resources subject to "environmental safeguards." 43 U.S.C. §§ 1332(3), (6) and 1334(a)(7).

3:12-cv-00042-SLG, *Shell Oil Co. v. Greenpeace, Inc.*
Order Granting Plaintiff's Motion for Temporary Restraining Order
Page 6 of 9

Case 3:12-cv-00042-SLG   Document 27   Filed 03/01/12   Page 6 of 9

Specifically, Shell has sought to establish safety zones around its vessels and exploration activities. This court seeks to have further evidence with respect to the rationale for each of the proposed distances for the various safety zones that are sought prior to the entry of any injunctive relief in that regard. Likewise, Shell has sought to obtain immediate injunctive relief against Greenpeace USA with respect to all of Shell's United States operations. Shell has failed to demonstrate that a temporary restraining order of such breadth is necessary or warranted at this time. Stated differently, at this time, Shell has not demonstrated that it is likely to suffer immediate and irreparable harm with respect to its planned summer Arctic drilling operations if such a broad temporary restraining order is not entered immediately. Whether and to what extent additional vessels and other property of Shell should be included within an injunction can be more appropriately addressed after a hearing on the Motion for Preliminary Injunction when both sides have been accorded an opportunity to be fully heard. But with respect to the two primary vessels that Shell intends to use in its Arctic operations this summer, the requisite showing for immediate injunctive relief has been established.

For the foregoing reasons, the court hereby GRANTS Shell's Motion for a Temporary Restraining Order and ORDERS as follows:

1. Greenpeace, its agents, servants, employees, and all other acting in concert with Greenpeace, are enjoined from:

    a. Breaking into or trespassing on the *Noble Discoverer* and its tow assist (including tow lines) and the *Kulluk* and its tow vessel (including tow lines) within U.S. territorial waters and waters of the U.S. Exclusive Economic Zone ("EEZ");

3:12-cv-00042-SLG, *Shell Oil Co. v. Greenpeace, Inc.*
Order Granting Plaintiff's Motion for Temporary Restraining Order
Page 7 of 9

Case 3:12-cv-00042-SLG   Document 27   Filed 03/01/12   Page 7 of 9

b. Tortiously or illegally interfering with the operation, movement or progress of the *Noble Discoverer* and its tow assist (including tow lines) and the *Kulluk* and its tow vessel (including tow lines) within U.S. territorial waters and waters of the U.S. Exclusive Economic Zone ("EEZ");

c. Barricading, blocking, or preventing access to or egress from the *Noble Discoverer* and its tow assist (including tow lines) and the *Kulluk* and its tow vessel (including tow lines) within U.S. territorial waters and waters of the U.S. Exclusive Economic Zone ("EEZ"); and

d. Illegally or tortiously endangering or threatening any employee or visitor of Shell Oil or any of its affiliates who is present on, or as they enter or exit the *Noble Discoverer* and its tow assist (including tow lines) and the *Kulluk* and its tow vessel (including tow lines) within U.S. territorial waters and waters of the U.S. Exclusive Economic Zone ("EEZ");

2. This Temporary Restraining Order is effective as of the date and time that Shell shall have placed with the clerk of the court a cash bond or other appropriately secured undertaking to pay costs associated with the temporary restraining order should it later be determined to have been wrongly issued. The penal sum of such bond shall be Five Thousand Dollars ($5,000.00).

3. This Temporary Restraining Order shall expire fourteen (14) days from the date of this Order unless extended by further order of this court.

4. A hearing on Shell's Motion for a Preliminary Injunction is scheduled before this Court for **March 14, 2012 at 9:00 a.m**. Any opposition by defendants to that

3:12-cv-00042-SLG, *Shell Oil Co. v. Greenpeace, Inc.*
Order Granting Plaintiff's Motion for Temporary Restraining Order
Page 8 of 9

Case 3:12-cv-00042-SLG   Document 27   Filed 03/01/12   Page 8 of 9

motion shall be served and filed on or before March 8, 2012, and plaintiff shall serve and file any reply on or before March 12, 2012.

5. The following procedure shall govern the hearing on the preliminary injunction motion:

(a) Each party shall be accorded a total of up to two hours for the presentation of any evidence and argument of counsel.

(b) A party may rely on the affidavits submitted with its motion, opposition or reply in lieu of, or in addition to, the presentation of direct testimony by that witness, but only so long as the affiant is present at the hearing for cross-examination.

DATED at Anchorage, Alaska, this 1st day of March 2012 at 1:30 p.m.

/s/ Sharon Gleason
Sharon L. Gleason
United States District Judge

3:12-cv-00042-SLG, *Shell Oil Co. v. Greenpeace, Inc.*
Order Granting Plaintiff's Motion for Temporary Restraining Order
Page 9 of 9

Case 3:12-cv-00042-SLG   Document 27   Filed 03/01/12   Page 9 of 9