Michael A. Moberly
Rebecca J. Hozubin
Law Office of Hozubin & Moberly
310 K Street, Suite 405
Anchorage, AK 99501
Phone: 907 276-5297
Fax: 907 276-5291
E-mail: moberlylaw@alaska.com
       rebecca@akdefenselaw.com
AK Bar #9612073 - Michael A. Moberly
AK Bar #9806016 - Rebecca J. Hozubin

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SHELL OIL COMPANY, a Delaware Corporation, ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) ) | **GREENPEACE USA'S MEMORAMDUM IN SUPPORT OF THE MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1)** |
| GREENPEACE, INC. a California Corporation, and JOHN and JANE DOES 1-20, ) ) ) ) | |
| Defendants. ) ) | |
| _____ ) | Case No. 3:12-cv-00042-SLG |

Defendant, Greenpeace, Inc. (hereinafter "Greenpeace USA"), a non-profit California corporation, moves to dismiss the above-listed matter, in its entirety, based on Federal Rule of Civil Procedure 12(b)(1). Plaintiff, Shell Oil Company (hereinafter "Shell"), has not demonstrated that this Court has jurisdiction over any allegation in the Complaint. As such, this entire matter should be dismissed.

LAW OFFICE OF
**HOZUBIN
& MOBERLY**
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

Case 3:12-cv-00042-SLG  Document 69  Filed 03/19/12  Page 1 of 35

I.   FACTS

    A.   Shell's 2012 Drilling Campaign And Supporting Vessels

    Shell, through its wholly-owned subsidiaries, Shell Oil
Gulf of Mexico, Inc. (hereinafter "SGOMI") and Shell Offshore,
Inc. (hereinafter "SOI"), and through SGOMI's affiliate, Shell
Exploration and Production Company (hereinafter "SEPCo"),
intends to conduct exploratory drilling for oil and gas on the
Outer Continental Shelf (hereinafter "OCS") in Alaska's
Beaufort and Chukchi Seas in the summer and fall of 2012.[1]  The
Beaufort Sea leases, held by SOI, are located 16-23 miles
offshore of Alaska's North Slope.[2]  The Chukchi Sea leases, held
by SGOMI, are approximately 60-75 miles offshore of Alaska's
northwestern coast.[3]  Both of these sets of OCS leases fall
within the United States' Exclusive Economic Zone, outside U.S.
territorial waters.[4]

    Shell intends to employ two primary drill rigs to carry
out its proposed 2012 drilling campaign—the *Noble Discoverer*

_____

[1] *See* Docket 10 (Declaration of Mark W. Duplantis) at 1-2, ¶¶ 2,
5; Exhibit A (map showing location of leases) to Docket 10 at
pp. 1-2.
[2] Docket 10 at 2, ¶ 5.
[3] Docket 10 at 2, ¶ 5.
[4] Docket 7 (Memo in Support of Motion for TRO and Preliminary
Injunction) at 8 (noting that drilling will occur on the OCS);
Docket 6, attachment 1 (proposed order granting TRO and
preliminary injunction) at 2 (seeking relief extending to the
U.S. EEZ);  Exhibit A to Docket 10 at 1-2 (showing location of
leases).  *See also,* Shell's Reply at Docket 61.

LAW OFFICE OF
HOZUBIN
& MOBERLY
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

and the *Kulluk*.[5] The Motor Vessel (M/V) *Noble Discoverer* is a self-contained drillship registered in Liberia.[6] The Mobile Offshore Drilling Unit (MODU) *Kulluk* is registered in the Marshall Islands.[7] During Shell's Arctic exploration drilling program, the *Kulluk* and *Noble Discoverer* "will be attended by a minimum of 11 vessels that will be used for ice management, anchor handling/ice management, [oil spill response], refueling, resupply, waste removal, and servicing of the drilling operations."[8]

    B.   Structure Of Organizations Using The Name "Greenpeace"

Greenpeace USA is a California nonprofit corporation formed under Section 501(c)(4) of the United States Internal Revenue Code with its principal place of business in the District of Columbia.[9]

Greenpeace USA maintains licensing and framework agreements with Stichting Greenpeace Council ("Greenpeace International"), a Netherlands nonprofit organization based in Amsterdam.[10] Greenpeace USA entered into its current licensing

---

[5] Docket 27 at 2.
[6] Docket 10 at 2, ¶ 8; Exhibit B to Docket 10 at 2; Docket 43 (Declaration of Anthony B. Ford) at 4, ¶ 12.
[7] Docket 10 at 2 ¶ 8; Docket 43 at 4, ¶ 12.
[8] Docket 10, Exhibit B at 4.
[9] Docket 41 (Affidavit of Thomas W. Wetterer) at 2, ¶ 4.
[10] Docket 41 at 2, ¶ 5; Docket 40 at 7-8.

Shell Oil Company v. Greenpeace, Inc. et al.
Case No. 3:12-cv-00042-SLG
Page 3
Case 3:12-cv-00042-SLG   Document 69   Filed 03/19/12   Page 3 of 35

LAW OFFICE OF
**HOZUBIN**
**& MOBERLY**
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

agreement with Greenpeace International on October 26, 1993.[11] This licensing agreement allows Greenpeace USA to use the name "Greenpeace" within the United States, and forbids any use of the "Greenpeace" name outside the United States without permission from Greenpeace International.[12] The Licensing Agreement further specifies that "[t]he parties are independent entities and nothing in this agreement shall be construed to establish a partnership, joint venture, or agency relationship between them. Neither party is an agent of the other and shall not hold itself out as such."[13]

Greenpeace International licenses use of the name "Greenpeace" to Greenpeace USA and twenty-eight other Greenpeace national offices (National Offices) throughout the world.[14] Each of the other National Offices licensed through Greenpeace International are autonomous legal entities established under the laws of the country in which they operate, distinct both from Greenpeace International and each other.[15] None of the National Offices share directors or decision-making authority either with each other or with Greenpeace International.[16] No National Office can exert

---

[11] Docket 41, Exhibit A at 2.
[12] Docket 41, Exhibit A at 3.
[13] Docket 41, Exhibit A at 14 (Section 13.09).
[14] Docket 41 at 2, ¶ 5.
[15] Docket 41 at 2-3, ¶ 6.
[16] Docket 41 at 3, ¶ 7-8.

LAW OFFICE OF
**HOZUBIN**
**& MOBERLY**
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

Shell Oil Company v. Greenpeace, Inc. et al.
Case No. 3:12-cv-00042-SLG
Page 4
Case 3:12-cv-00042-SLG Document 69 Filed 03/19/12 Page 4 of 35

control over another National Office's activities.[17] Greenpeace International does not control or direct any National Office's activities, nor do any National Offices exert control over Greenpeace International.[18]

The relationship between Greenpeace International and Greenpeace USA involves more nuance than that between Greenpeace USA and other Greenpeace National Offices, due in large part to a Framework Agreement executed between the organizations on January 13, 1998.[19] The Framework Agreement between Greenpeace International and Greenpeace USA expressly acknowledges "the full autonomy of their respective organizations."[20] Within the underlying understanding of mutual autonomy, the Framework Agreement delineates certain circumstances under which Greenpeace International can review and comment on pertinent operations and management decisions conducted by Greenpeace USA.[21] The Framework Agreement also allows Greenpeace USA to collaborate with Greenpeace International on projects and campaigns.[22] Such collaboration

---

[17] Docket 41 at 3, ¶ 8.
[18] Docket 41 at 3, ¶ 9.
[19] Docket 41, Exhibit B.
[20] Docket 41, Exhibit B at 1.
[21] Docket 41, Exhibit B at 2-3.
[22] Docket 41, Exhibit B at 4-5.

Shell Oil Company v. Greenpeace, Inc. et al.
Case No. 3:12-cv-00042-SLG
Page 5
Case 3:12-cv-00042-SLG   Document 69   Filed 03/19/12   Page 5 of 35

LAW OFFICE OF
**HOZUBIN**
**& MOBERLY**
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

can include mass e-mail operations seeking to influence environmental decisions by large multinational corporations.[23]

C.    Procedural Posture

Shell filed the current action against Greenpeace USA on February 24, 2012 in response to the February 23, 2012 boarding of the *Noble Discoverer* in the Port of Taranaki in New Zealand.[24]   In that instance, campaigners affiliated only with Greenpeace New Zealand[25] occupied the drilling tower of the *Noble Discoverer* for several days to protest Shell's Arctic drilling plans.[26]   Shell's complaint assumes that "Greenpeace" operates as a unitary worldwide entity, and that the actions of Greenpeace New Zealand's campaigners foretell similar efforts in the United States and its surrounding waters by unrelated Greenpeace USA.[27]

On February 27, 2012, Shell filed a motion seeking a temporary restraining order (TRO) and a preliminary injunction prohibiting "Greenpeace" from "taking dangerous, tortious and unlawful actions that will cause substantial harm to Shell's

---

[23]  Docket 40 at 25; Docket 10, Exhibit M at 57.
[24]  Docket 1 (Verified Complaint) at 3-4; Docket 11 (Declaration of Peter Scott) at 6, ¶ 12.
[25]  Docket 40 at 8.
[26]  Docket 11 at 6, ¶¶ 12-13.
[27]  Docket 1 at 4.

LAW OFFICE OF
**HOZUBIN
& MOBERLY**
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

Shell Oil Company v. Greenpeace, Inc. et al.
Case No. 3:12-cv-00042-SLG
Page 6
Case 3:12-cv-00042-SLG  Document 69  Filed 03/19/12  Page 6 of 35

interests and jeopardize property, the environment, and human life."[28]

On March 1, 2012, this Court granted a 14-day TRO limited in scope to activities affecting the *Noble Discoverer*, the *Kulluk*, and their respective tow vessels.[29] The Order expressly declines to extend the TRO to Shell's entire U.S. operation as Shell had requested.[30] The Motion for Preliminary Injunction is fully briefed and a hearing is scheduled for March 19, 2012.[31]

Shell supported its Verified Complaint and February 27, 2012 First Amended Verified Complaint by alleging that Greenpeace USA's conduct indicated its intention to interfere with Shell's plans to transport the *Noble Discoverer* and *Kulluk* to the Arctic Ocean as part of its larger ambition to thwart Shell's 2012 Arctic drilling campaign.[32] The specific instances of conduct alleged included: Greenpeace USA's initiation of a training program in St. Petersburg, Florida "for the specific purpose of providing training in how to board and barricade vessels offshore";[33] public statements by "Greenpeace" that it intends to stop Shell from drilling for oil and gas in the

---

[28] Docket 7 at 1.
[29] Docket 27 at 7-8.
[30] Docket 27 at 7.
[31] Docket 39 at 1.
[32] Docket 1 at 2-4; Docket 4 (Amended Complaint) at 7-8.
[33] Docket 4 at 8, ¶ 20.

LAW OFFICE OF
**HOZUBIN
& MOBERLY**
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

Shell Oil Company v. Greenpeace, Inc. et al.
Case No. 3:12-cv-00042-SLG
Page 7
Case 3:12-cv-00042-SLG Document 69 Filed 03/19/12 Page 7 of 35

Arctic in 2012;[34] movement by "Greenpeace" of one of its ships into the Gulf of Mexico and the use of this ship to train activists to board and barricade offshore vessels and facilities;[35] Greenpeace New Zealand's boarding and occupation of the Noble Discoverer;[36] and Greenpeace USA's May 2010 boarding of the vessel *Harvey Explorer* in the Gulf of Mexico.[37]

Shell claimed that its allegations supported the following causes of action against Greenpeace USA: (1) nuisance, (2) tortious interference with contractual relations, (3) trespass and trespass to chattels, (4) false imprisonment, (5) assault, (6) conversion, (7) violation of proposed and existing safety zones, (8) reckless endangerment, (9) violation of International Regulations for Preventing Collisions at Sea (33 U.S.C. § 1602), (10) malicious mischief on the high seas, (11) violence against maritime navigation, and (12) damage to the property of an energy facility.[38]

However, the record now before this Court demonstrates that Shell misinterpreted the conduct upon which it bases its causes of action, wrongfully attributed this conduct to Greenpeace USA, or cited conduct irrelevant to the case at bar. The evidence shows that Greenpeace USA did not initiate a

LAW OFFICE OF
**HOZUBIN**
**& MOBERLY**
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

[34] Docket 4 at 8, ¶ 21.
[35] Docket 4 at 8, ¶ 23.
[36] Docket 4 at 8, ¶ 22.
[37] Docket 4 at 8, ¶ 24.
[38] Docket 27 at 1.

Shell Oil Company v. Greenpeace, Inc. et al.
Case No. 3:12-cv-00042-SLG
Page 8
Case 3:12-cv-00042-SLG   Document 69   Filed 03/19/12   Page 8 of 35

training program in St. Petersburg, Florida, to provide
training in how to board and barricade vessels offshore, but to
teach participants how to operate small vessels, perform land-
based protests in a safe and non-violent manner, and assist in
the basics of industrial rope access techniques unrelated to
ships or other vessels.[39] Greenpeace USA has made no public
statements threatening that it will stop Shell from drilling
for oil and gas in the Arctic in 2012.[40] The movement by
"Greenpeace" of one of its ships into the Gulf of Mexico had
nothing to do with training activists to board or barricade
offshore vessels and facilities.[41] Greenpeace USA had no
involvement in or control over Greenpeace New Zealand's
boarding and occupation of the *Noble Discoverer*.[42] Shell Oil
does not allege that it suffered any damages due to Greenpeace
USA's May 2010 boarding of the vessel *Harvey Explorer* in the
Gulf of Mexico, and this incident is jurisdictionally
irrelevant to the current case.[43]

This motion to dismiss relies only on Shell's Verified
Complaint,[44] Shell's First Amended Verified Complaint,[45] and the
record developed in litigating Shell's request for a

---

[39] Docket 42 at 2-3, ¶¶ 8-10.
[40] Docket 40 at 25.
[41] Docket 42 at 3, ¶ 11.
[42] Docket 41 at 3, ¶ 8; Docket 40 at 7.
[43] Docket 40 at 9.
[44] Docket 1.
[45] Docket 4.

LAW OFFICE OF
**HOZUBIN
& MOBERLY**
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

Shell Oil Company v. Greenpeace, Inc. et al.
Case No. 3:12-cv-00042-SLG
Page 9
Case 3:12-cv-00042-SLG   Document 69   Filed 03/19/12   Page 9 of 35

preliminary injunction.[46] As discussed below, these pleadings demonstrate that Shell fails to demonstrate that this Court has jurisdiction over anything plead in the First Amended Complaint.

## II.  STANDARD

"It goes without saying that those who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy."[47] A plaintiff is required to show it has standing individually for each form of relief sought.[48] "Abstract injury is not enough. The plaintiff must show that he "has sustained or is immediately in danger of sustaining some direct injury" as the result of the challenged official conduct and the injury or threat of injury must be both "real and immediate," not "conjectural" or "hypothetical."[49]

"Under the oft-repeated standing formulation, [plaintiff] must demonstrate that he has suffered an injury-in-fact, that

---

[46] Dockets 6-11, 27, and 40-43. (Add Reply if necessary).
[47] *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (U.S. 1983).
[48] Id. at 109.
[49] Id. at 101-102, *referencing, Golden v. Zwickler,* 394 U.S. 103, 109-110, 89 S.Ct. 956, 960, 22 L.Ed.2d 113 (1969); *United Public Workers v. Mitchell,* 330 U.S. 75, 89-91, 67 S.Ct. 556, 564-565, 91 L.Ed. 754 (1947); *Maryland Casualty Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826 (1941); *Massachusetts v. Mellon,* 262 U.S. 447, 488, 43 S.Ct. 597, 601, 67 L.Ed. 1078 (1923)." *See also Nelsen v. King County,* 895 F.2d 1248, 1250 (9th Cir. 1990).

LAW OFFICE OF
**HOZUBIN**
**& MOBERLY**
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

Shell Oil Company v. Greenpeace, Inc. et al.
Case No. 3:12-cv-00042-SLG
Page 10
Case 3:12-cv-00042-SLG  Document 69  Filed 03/19/12  Page 10 of 35

the injury is traceable to the [defendant]'s actions, and that the injury can be redressed by a favorable decision."[50]

Finally, "the district court is not confined by the facts contained in the four corners of the complaint-it may consider facts and need *not* assume the truthfulness of the complaint." [51]

Shell has not demonstrated that this Court has jurisdiction in this matter, and the Complaint should be dismissed in its entirety.

III. THIS COURT DOES NOT HAVE JURISDICTION

A.    Diversity Jurisdiction Does Not Exist

Shell seeks to invoke diversity jurisdiction in its First Amended Complaint.  28 U.S.C. § 1332 states:

(a)    The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—

(1)    citizens of different States;

The party asserting diversity jurisdiction bears the burden of proof that the jurisdiction exists.[52]  When the case is originally filed in Federal Court, the court looks to the

---

[50] *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011)(emphasis added).
[51] *Americopters, LLC v. F.A.A.*, 441 F.3d 726, 732 n.4 (9th Cir. 2006), *citing White v. Lee*, 227 F.3d 1214, 1242 (9th Cit. 2000).
[52] *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th 2001).

LAW OFFICE OF
**HOZUBIN
& MOBERLY**
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

Shell Oil Company v. Greenpeace, Inc. et al.
Case No. 3:12-cv-00042-SLG
Page 11
Case 3:12-cv-00042-SLG  Document 69  Filed 03/19/12  Page 11 of 35

face of the Complaint to determine if the monetary threshold for diversity has been met.[53]

Shell alleges that Greenpeace USA and Shell are corporations of different states. Greenpeace USA does not dispute this. However, Shell failed to allege any specific monetary damage and has not plead any specific dollar amounts in its Complaint, other than the $5,000 damages alleged in count twelve.[54] There is a $75,000 jurisdictional requirement contained in 28 U.S.C. § 1332, and Shell has failed to demonstrate in its Complaint any specific monetary amount.

Further, it is readily clear that if Shell obtains its injunctive relief, then none of the other alleged speculative damages will come to fruition. In diversity cases involving sought after injunctive relief, "the test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce."[55] Shells' requested injunctive relief has no monetary value.

---

[53] *Azeltine v. Bank of America*, 2011 WL 7272309, *8 (D.Ariz. 2011)(not reported in F.3d), *quoting*, *Geographic Expeditions, Inc. v. Estate of Lhotla*, 599 F.3d 1102, 1106 (9th Cir., 2010).
[54] In fact, as set forth in this motion, the Motion to Dismiss based on 12(b)(2) and the Motion to Dismiss based on 12(b)(6), Shell has made no valid allegations against Greenpeace USA at all. Instead, Shell has alleged that there speculatively could potentially be future allegations if anything occurs.
[55] *In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 958 (9th Cir. 2001).

LAW OFFICE OF
**HOZUBIN
& MOBERLY**
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

Shell Oil Company v. Greenpeace, Inc. et al.
Case No. 3:12-cv-00042-SLG
Page 12
Case 3:12-cv-00042-SLG Document 69 Filed 03/19/12 Page 12 of 35

Finally, Shell readily admits that it is not seeking any monetary award for any actions that have already occurred.[56]

Shell's First Amended Complaint fails to establish diversity jurisdiction, and therefore all allegations not based on Federal Question jurisdiction should be dismissed in their entirety. This would include any and all state law based causes of action including, but not limited to, nuisance, tortious interference with contractual relations, trespass, trespass to chattels, false imprisonment, assault, conversion, and reckless endangerment.

B.    Federal Question Jurisdiction Does Not Exist

Shell also plead federal question jurisdiction based on 28 USC § 1331 and 28 USC § 1333. First Amended Complaint at 4: "interference (i) with marine traffic on navigable water, (ii) with the performance of marine contracts, and (iii) with facilities engaged or preparing to engage in OCS activities, all of which bear a substantial relationship to traditional marine activity."

28 USC § 1331 states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

LAW OFFICE OF
**HOZUBIN
& MOBERLY**
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

[56] Docket 61, at 2.

Shell Oil Company v. Greenpeace, Inc. et al.
Case No. 3:12-cv-00042-SLG
Page 13
Case 3:12-cv-00042-SLG   Document 69   Filed 03/19/12   Page 13 of 35

28 USC § 1333 states:

The district courts shall have original jurisdiction, exclusive of the courts of the States, of:

(1)  Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.

(2)  Any prize brought into the United States and all proceedings for the condemnation of property taken as prize.

      1.    U.S. Courts Lack Jurisdiction Over Events Occurring In Foreign Waters On Foreign Drill Rigs and/or Vessels

In *United States v. Flores*, 289 U.S. 137 (1933), a U.S. citizen was murdered by another U.S. citizen on board the Steamship *Padnsay*, an American vessel, while at anchor in the Port of Matadi, in the Belgian Congo. The Court was faced with the question of whether the extension of the judicial power of the federal government "to all cases of admiralty and maritime Jurisdiction," by Article III, Section 2, of the Constitution enabled federal courts to punish offenses perpetrated by a citizen of the U.S. on board one of its merchant vessels within the territorial limits of another sovereignty.

The court held that a vessel is deemed to be part of the territory of its flag State, for the purposes of jurisdiction to punish crimes committed on board. The vessel does not lose its identity when in navigable waters within the territorial

LAW OFFICE OF
**HOZUBIN & MOBERLY**
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

Shell Oil Company v. Greenpeace, Inc. et al.
Case No. 3:12-cv-00042-SLG
Page 14
Case 3:12-cv-00042-SLG   Document 69   Filed 03/19/12   Page 14 of 35

limits of another state.[57] The sovereignty in whose waters the vessel was lying at the time of the commission of the offense may, for some purposes, have concurrent jurisdiction.[58]

Nothing in *Flores* suggests that a U.S. court may take jurisdiction over actions by foreign activists in foreign waters onboard a foreign vessel owned by a foreign company. The *Noble Discoverer* is flagged to Liberia and owned by a Swiss corporation. Indeed, it is quite likely that international law would not permit such an expansive claim of jurisdiction.

In the instant case, New Zealand has already asserted jurisdiction over the Greenpeace New Zealand action by detaining and charging the activists. There is no reason why Shell would be unable to seek civil relief in New Zealand, a far more obvious forum to provide such relief. Further, U.S. law mandates allowing New Zealand jurisdiction, not U.S. jurisdiction.[59]

There is a general presumption against extraterritorial application of U.S. law. Unless a contrary intent appears, it is presumed that U.S. legislation applies only within the territorial jurisdiction of the United States.[60] This canon of construction guards against inadvertent clashes between U.S.

---

[57] *United States v. Flores*, 289 U.S. 137, 156 (1933).
[58] Id. at 158.
[59] Id.
[60] *E.E.O.C. v. Arabian American Oil Co.*, 499 U.S. 244 (1991) (overruled by statute on other grounds).

LAW OFFICE OF
**HOZUBIN**
**& MOBERLY**
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

Shell Oil Company v. Greenpeace, Inc. et al.
Case No. 3:12-cv-00042-SLG
Page 15
Case 3:12-cv-00042-SLG   Document 69   Filed 03/19/12   Page 15 of 35

laws and those of other nations and recognizes that the U.S. Congress generally legislates with domestic concerns in mind.[61] This concern must also lead to the conclusion that state laws are not applicable in foreign territory absent a showing of specific legislative intent.

The burden of overcoming the above presumption lies with the party asserting application of U.S. law to events that occurred abroad.[62]

The past events complained of by Shell that interfered with Shell's current efforts to move forward with the leases this summer took place in foreign waters, New Zealand, and involved a Liberian-flagged, Swiss-owned drill rig.

> 13. The *Noble Discoverer* is currently in New Zealand and making preparations to leave via tow assist using the *Dauntless*.
>
> ...
>
> 22. In furtherance of its campaign against Shell, on or about February 23, 2012, Greenpeace unlawfully boarded and occurred the *Noble Discoverer*

Review of the individual allegations demonstrates that a significant number of Shell's claims are based on conduct that has already occurred.

---

[61] *Foley Bros., Inc. v. Filardo*, 336 U.S. 281, 285 (1949).
[62] *Labor Union of Pico Korea, Ltd. v. Pico Prods., Inc.*, 968 F.2d 191, 194 (2d Cir.), *cert. denied*, 506 U.S. 985 (1992).

Shell Oil Company v. Greenpeace, Inc. et al.
Case No. 3:12-cv-00042-SLG
Page 16

Case 3:12-cv-00042-SLG   Document 69   Filed 03/19/12   Page 16 of 35

LAW OFFICE OF
**HOZUBIN**
**& MOBERLY**
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

In the first cause of action:

> 30. Greenpeace has intentionally and knowingly obstructed and interfered with the free passage and operation of the *Noble Discoverer*. …

> 31. These actions by Greenpeace have caused … a public nuisance because of the inherent public dangers associated with such tortious and illegal activity.

> 32. Greenpeace's actions … constitute a private nuisance because of the dangers inherent in their protest activity will be specially borne by Shell.[63]

In the second cause of action:

> 35. Greenpeace has improperly, intentionally, and knowingly interfered with … Shell's contract for the transport of the *Noble Discoverer* and other vessels to the Arctic Ocean. …

> 36. Greenpeace has improperly interfered with Shell's ability to comply with the conditions of its oil and gas leases and other contracts, including those related to Chukchi Sea and the Beaufort Sea Oil and gas exploration and development.[64]

In the third cause of action:

> 39. Greenpeace has boarded and occupied the *Noble Discoverer* …

> 40. These activities constitute trespass or trespass to chattels.[65]

In the fourth cause of action:

> 43. Greenpeace is impeding progress and effectively blockading the *Noble Discoverer*. … By making it

---

[63] Docket 4, at 10.
[64] Docket 4, at 11.
[65] Docket 4, at 11-12.

Shell Oil Company v. Greenpeace, Inc. et al.
Case No. 3:12-cv-00042-SLG
Page 17

Case 3:12-cv-00042-SLG   Document 69   Filed 03/19/12   Page 17 of 35

LAW OFFICE OF
**HOZUBIN
& MOBERLY**
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

impossible for these vessels to move, Greenpeace has ... falsely imprison (sic) those on board the vessels.[66]

In the fifth cause of action:

> 46. Greenpeace's extremely dangerous actions ... on and near drilling operation, vessels in transit and vessels in port, have recklessly placed ... persons onboard the *Noble Discoverer* and other vessels in fear of imminent physical injury by means of a dangerous instrument.[67]

In the sixth cause of action:

> 49. Greenpeace's actual ... conduct, as alleged above, including its illegal boarding and occupation of the *Noble Discoverer*, constitutes unauthorized use and control, and tortious conversion, of Shell's personal property.[68]

In the eighth cause of action:

> 57. Greenpeace's positioning of its vessels in front of the *Noble Discoverer* so as to blockade its movement, illegally boarding the *Noble Discoverer* ... constitutes reckless endangerment in conduct that create a substantial risk of serious physical injury to another person.[69]

In the ninth cause of action:

> 61. Greenpeace has interfered with the *Noble Discoverer*. ...

> 62. Greenpeace's efforts to blockade or block the path of these vessels are in flagrant disregard of the COLREGS.[70]

---

[66] Docket 4, at 12.
[67] Docket 4, at 12.
[68] Docket 4, at 13.
[69] Docket 4, at 14.
[70] Docket 4, at 15.

LAW OFFICE OF
**HOZUBIN**
**& MOBERLY**
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

Shell Oil Company v. Greenpeace, Inc. et al.
Case No. 3:12-cv-00042-SLG

In the tenth cause of action:

> 65.  Greenpeace has interfered with the *Noble Discoverer*. … These actions constitute violations of 18 USC § 1363.[71]

In the eleventh cause of action:

> 68.  Greenpeace's efforts … to blockade or block the free navigation of the *Noble Discoverer* and other Shell vessels and facilities under tow or tow assist violations 18 USC § 2280.[72]

Finally, in the twelfth cause of action:

> 72.  Greenpeace has knowingly and willfully acted, conspired and threatened to act to damage or attempt to damage an energy facility, and the property damages that have been … caused by Greenpeace's extremely dangerous and unlawful actions would far exceed $5,000, in addition to nonmonetary and irreparable harm to persons, property, and the environment.[73]

Each one of these allegations involves past conduct by Greenpeace New Zealand, in foreign waters, to a Liberian-flagged, Swiss-owned drill rig.  This Court has absolutely no jurisdiction to hear these allegations of past conduct.

Any causes of action premised on actions that occurred in foreign waters, in foreign ports, or on vessels not flagged by this country should be dismissed.  This Court has no jurisdiction over such actions.

---

[71] Docket 4, at 15.
[72] Docket 4, at 16.
[73] Docket 4, at 16.

Shell Oil Company v. Greenpeace, Inc. et al.
Case No. 3:12-cv-00042-SLG
Page 19

Case 3:12-cv-00042-SLG   Document 69   Filed 03/19/12   Page 19 of 35

LAW OFFICE OF
**HOZUBIN
& MOBERLY**
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

### 2. International Regulations For Preventing Collisions At Sea (COLREGS) Provide No Basis For Jurisdiction.

Cause of action nine, violation of the International Regulations for Preventing Collisions at Sea (COLREGS), is based on U.S. law implementing an international convention. It conceded that these rules would be applicable to any navigation by a U.S.-flagged ship in New Zealand waters. However, Greenpeace USA does not own or operate any vessels, let alone US-flagged vessels. Moreover, the Greenpeace New Zealand action against the *Noble Discoverer* did not involve any vessels, so, logically, it could not present an issue under the COLREGs.

### 3. 18 USC § 1363 Provides No Basis For This Court's Jurisdiction

18 USC § 1363 provides,

> Whoever, within the special maritime and territorial jurisdiction of the United States, willfully and maliciously destroys or injures any structure, conveyance, or other real or personal property, or attempts or conspires to do such an act, shall be fined under this title or imprisoned not more than five years, or both, and if the building be a dwelling, or the life of any person be placed in jeopardy, shall be fined under this title or imprisoned not more than twenty years, or both.[74]

Malicious mischief on the high seas only applies to persons within the special maritime and territorial jurisdiction of the U.S.

LAW OFFICE OF
**HOZUBIN
& MOBERLY**
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

---

[74] Emphasis added.

Shell Oil Company v. Greenpeace, Inc. et al.
Case No. 3:12-cv-00042-SLG
Page 20

Case 3:12-cv-00042-SLG   Document 69   Filed 03/19/12   Page 20 of 35

Shell has not argued that the action in New Zealand took place with this jurisdiction and would be unable to do so. Foreign persons in foreign ports acting against foreign-flagged vessels do not fall under this jurisdiction. This offense is, in any event, inapplicable since Shell has not explained how the Greenpeace New Zealand action would constitute willful and malicious destruction or injury of a structure, conveyance, or other real or personal property. Indeed, it has not argued that any such damage was caused at all during the peaceful protest, let alone that it was intended.

>    4.    International Law Does Not Permit Application Of
>           U.S. Law In This Instance.

*Lauritzen v. Larsen*, 345 U.S. 571 (1953), established a set of factors relevant to deciding which nation's laws apply to a claim of maritime tort. In *Lauritzen*, a Danish seaman had joined the crew of a Danish-owned and Denmark-flagged vessel while temporarily in New York. The seaman signed the ship's articles providing that the rights of crew members would be governed by Danish law and by the employer's contract with the Danish Seamen's Union, of which the seaman was a member. He was negligently injured aboard the ship while in the harbor of Havana, Cuba. He sued the ship's owner in a federal district court in New York for damages under the Jones Act.

LAW OFFICE OF
**HOZUBIN
& MOBERLY**
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

Shell Oil Company v. Greenpeace, Inc. et al.
Case No. 3:12-cv-00042-SLG
Page 21
Case 3:12-cv-00042-SLG   Document 69   Filed 03/19/12   Page 21 of 35

The key issue was whether statutes of the United States could be applied to this claim of maritime tort, because, as the court observed, "[b]y usage as old as the Nation, such statutes have been construed to apply only to areas and transactions in which American law would be considered operative under prevalent doctrines of international law." The court cited with approval Lord Russell of Killowen's holding in *The Queen v. Jameson* [1896], 2 Q.B. 425, 430, that

> . . . if any construction otherwise be possible, an Act will not be construed as applying to foreigners in respect to acts done by them outside the dominions of the sovereign power enacting. That is a rule based on international law, by which one sovereign power is bound to respect the subjects and the rights of all other sovereign powers outside its own territory.

Three nations could claim some connecting factor with the tort – Denmark, Cuba and the U.S. The Court observed that international maritime law does not provide for uniform conflict-of-laws rules but "has attempted to avoid or resolve conflicts between competing laws by ascertaining and valuing points of contact between the transaction and the states or governments whose competing laws are involved."[75] It admonished that "in dealing with international commerce, we cannot be unmindful of the necessity for mutual forbearance if retaliations are to be avoided; nor should we forget that any contact which we hold sufficient to warrant application of our

---

[75] *Lauritzen v. Larsen*, 345 U.S. 571, 582 (1953)

Shell Oil Company v. Greenpeace, Inc. et al.
Case No. 3:12-cv-00042-SLG
Page 22

Case 3:12-cv-00042-SLG   Document 69   Filed 03/19/12   Page 22 of 35

LAW OFFICE OF
**HOZUBIN
& MOBERLY**
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

law to a foreign transaction will logically be as strong a warrant for a foreign country to apply its law to an American transaction."[76]

The court went on to identify seven factors of varying weight, derived from international law, which, "alone or in combination, are generally conceded to influence choice of law to govern a tort claim, particularly a maritime tort claim."[77] The first factor, the place of the wrongful act, is "[t]he solution most commonly accepted as to torts in our municipal and in international law".[78] While often applied to maritime torts, it is "of limited application to shipboard torts, because of the varieties of legal authority over waters she may navigate."[79]

The second factor, the law of the flag, is "[p]erhaps the most venerable and universal rule of maritime law relevant to our problem [...]."[80] The law of the flag "supersedes the territorial principle, even for purposes of criminal jurisdiction of personnel of a merchant ship," with the exception of the concurrent jurisdiction recognized in *United States v. Flores*.[81] The law of the flag "must prevail unless

---

[76] Id.
[77] Id. at 583.
[78] Id.
[79] Id.
[80] Id.
[81] Id. at 585.

LAW OFFICE OF
**HOZUBIN
& MOBERLY**
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

Shell Oil Company v. Greenpeace, Inc. et al.
Case No. 3:12-cv-00042-SLG
Page 23
Case 3:12-cv-00042-SLG  Document 69  Filed 03/19/12  Page 23 of 35

some heavy counterweight appears."[82]  Moreover, "[t]he United

States has firmly and successfully maintained that the

regularity and validity of a registration can be questioned

only by the registering state."[83]

The remaining factors are (3) the allegiance or domicile

of the injured, since "each nation has a legitimate interest

that its nationals and permanent inhabitants be not maimed or

disabled from self-support";[84] (4) the allegiance of the

defendant ship owner, where different from the nationality of

the ship; (5) the place of contract; (6) the inaccessibility of

foreign forum, in order to "save seamen expense and loss of

time in returning to a foreign forum."[85]  Although this factor

"might be a persuasive argument for exercising a discretionary

jurisdiction to adjudge a controversy […] it is not persuasive

as to the law by which it shall be judged";[86] and (7) the law of

the forum.  The court expressed strong reservations about this

factor, however, warning that it is "a denial of due process of

law when a state of the Union attempts to draw into control of

its law otherwise foreign controversies, on slight connections,

because it is a forum state."[87]

---

[82] Id.
[83] Id. at 584.
[84] Id. at 586
[85] Id. at 589.
[86] Id. at 590.
[87] Id.

LAW OFFICE OF
**HOZUBIN
& MOBERLY**
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

Shell Oil Company v. Greenpeace, Inc. et al.
Case No. 3:12-cv-00042-SLG
Page 24
Case 3:12-cv-00042-SLG  Document 69  Filed 03/19/12  Page 24 of 35

The court considered that application of these factors led to an "overwhelming preponderance in favor of Danish law."[88] The same approach was subsequently followed in *Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354 (1959)(superseded by statute on other grounds), and *Hellenic Lines Ltd. v. Rhoditis*, 398 U.S. 306 (1970).

The case at hand bears clear similarities to *Lauritzen* in that three countries might plausibly assert a connecting factor with the tort: New Zealand, as the country in whose port the action complained of took place and in which Greenpeace New Zealand is incorporated; Liberia, as the flag state of the *Noble Discoverer*; and Switzerland, where it appears the owner company of the *Noble Discoverer,* Noble Drilling International GmbH, is incorporated.

New Zealand has already asserted its authority by prosecuting activists who participated in the action on the *Noble Discoverer* under New Zealand law. There is also a strong case to be made for the applicability of Liberian law based on the rule that the law of the flag supersedes the territorial principle. The only connection with the U.S. is that the plaintiff claims to have a contract with the owners or operators of the *Noble Discoverer* whose performance could have been delayed − although it is not alleged that it has, in fact,

---

[88] Id. at 592.

Shell Oil Company v. Greenpeace, Inc. et al.
Case No. 3:12-cv-00042-SLG
Page 25

Case 3:12-cv-00042-SLG   Document 69   Filed 03/19/12   Page 25 of 35

LAW OFFICE OF
**HOZUBIN
& MOBERLY**
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

been delayed – as a result of the action. The fact that Greenpeace USA is also incorporated in the U.S. is not a relevant factor under *Lauritzen* and, as argued elsewhere, Greenpeace USA did not participate or control the actions taken in New Zealand.

In conclusion, the causes of action advanced by Shell, which are based on U.S. law, are not valid. U.S. law is not applicable to the case, both because the U.S. lacks prescriptive jurisdiction under international maritime law and because the causes of action cited do not provide any basis for this court's jurisdiction.

> 5. 33 CFR § 174.1 Provides No Basis For Jurisdiction

Shell next seeks remedy in count seven, Violation of Proposed Existing Safety Zones, pursuant to 33 CFR § 147.1, which states:

> Safety zones may be established around OCS facilities being constructed, maintained, or operated on the Outer Continental Shelf to promote the safety of life and property on the facilities, their appurtenances and attending vessels, and on the adjacent waters within the safety zones. Regulations adopted for safety zones may extend to the prevention or control of specific activities and access by vessels or persons, and include measures to protect the living resources of the sea from harmful agents. The regulations do not encompass the operating equipment or procedures used in the drilling for and production of oil, gas, or other minerals, or the transportation of oil, gas, or other minerals by pipeline except as they relate to the safety of life and property on OCS facilities and on the waters adjacent to OCS

LAW OFFICE OF
**HOZUBIN
& MOBERLY**
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

Shell Oil Company v. Greenpeace, Inc. et al.
Case No. 3:12-cv-00042-SLG
Page 26

Case 3:12-cv-00042-SLG Document 69 Filed 03/19/12 Page 26 of 35

facilities or to the protection of the living resources of the sea within a safety zone from harmful agents.

There are several problems with Shell's reliance on this regulation. First, it is applicable only to areas on the OCS that have been "constructed, maintained, or operated." By Shell's own pleadings, it admits that its facility has not been "constructed, maintained, or operated."

Second, this regulation does not provide a private cause of action.

Third, a Safety Zone has yet to be implemented regarding the projects referenced by Shell in its First Amended Complaint. Exhibit A, attached herewith, is the proposal to create a safety zone around the *Noble Discoverer* from July 1, 2012 until October 31, 2012. The proposed safety zones were submitted and dated by the Rear Admiral, U.S. Coast Guard, Commander, Seventeenth Coast Guard District, for approval on February 2, 2012, several weeks before this action was filed. This means that Shell would have submitted its proposal even in advance of that date.[89] Public comment on the proposal does not

---

[89] This is significant to note the timing of events in this matter. Shell was already using appropriate channels to create the necessary setbacks and safety zones for the *Noble Discoverer* well in advance of filing this suit. Specifically, it appears that Shell made its proposal for the safety zones to the Coast Guard as early as February 2011. Exhibit B at 40. This suit was only initiated after an organization, legally unrelated to the defendant Greenpeace USA, took action of its

LAW OFFICE OF
**HOZUBIN & MOBERLY**
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

Shell Oil Company v. Greenpeace, Inc. et al.
Case No. 3:12-cv-00042-SLG
Page 27

Case 3:12-cv-00042-SLG   Document 69   Filed 03/19/12   Page 27 of 35

even close until March 26, 2012. Further proposed safety zones would not even be implemented until July 1, 2012. Exhibit C is the same proposal for the *Kulluk* submitted by Shell in the same timeframes.

Shell seeks relief based on a non-existent safety zone, based on a regulation that provides no private cause of action. The Court has no jurisdiction regarding count seven, and it should be dismissed.

> 6. Likewise, 18 USC § 2280 Provides No Basis For Jurisdiction.

18 USC § 2280 is a federal code provision regulating <u>criminal</u> violence against maritime navigation. It first provides for no private cause of action.

(a) Offenses.—

(1) In general.— A person who unlawfully and intentionally—
(A) seizes or exercises control over a ship by force or threat thereof or any other form of intimidation;

shall be fined under this title, imprisoned not more than 20 years, or both; and if the death of any person results from conduct prohibited by this paragraph, shall be punished by death or imprisoned for any term of years or for life.

(2) Threat to navigation.— A person who threatens to do any act prohibited under paragraph (1)(B), (C) or (E), with apparent determination and will to carry

own accord in foreign waters, in a foreign port. Shell wanted to use the publicity of that incident to try to sway this Court into providing it inappropriate relief. The entire bases of Shell's claims are the prior bad acts of <u>another</u> and the possibility of some prospective harm in the future.

Shell Oil Company v. Greenpeace, Inc. et al.
Case No. 3:12-cv-00042-SLG
Page 28
Case 3:12-cv-00042-SLG   Document 69   Filed 03/19/12   Page 28 of 35

LAW OFFICE OF
**HOZUBIN
& MOBERLY**
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

the threat into execution, if the threatened act is likely to endanger the safe navigation of the ship in question, shall be fined under this title, imprisoned not more than 5 years, or both.

Second, it nicely sets out its basis for jurisdiction in criminal matters:

> (b) Jurisdiction. — There is jurisdiction over the activity prohibited in subsection (a)—
>
> (1) in the case of a covered ship, if—
>
> (A) such activity is committed—
>
> (i)against or on board a ship flying the flag of the United States at the time the prohibited activity is committed;
>
> (ii)in the United States; or
>
> (iii)by a national of the United States or by a stateless person whose habitual residence is in the United States;
>
> (B)during the commission of such activity, a national of the United States is seized, threatened, injured or killed; or
>
> (C)the offender is later found in the United States after such activity is committed;
>
> (2)in the case of a ship navigating or scheduled to navigate solely within the territorial sea or internal waters of a country other than the United States, if the offender is later found in the United States after such activity is committed; and
>
> (3)in the case of any vessel, if such activity is committed in an attempt to compel the United States to do or abstain from doing any act.

LAW OFFICE OF
**HOZUBIN
& MOBERLY**
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

Shell Oil Company v. Greenpeace, Inc. et al.
Case No. 3:12-cv-00042-SLG
Page 29

Case 3:12-cv-00042-SLG   Document 69   Filed 03/19/12   Page 29 of 35

The alleged violence against maritime navigation occurred in New Zealand waters, against a Liberian-flagged drill rig that is owned by a Swiss company. Greenpeace USA is not alleged to have done anything, nor did it have anything to do with the events in New Zealand. In short, there is absolutely no basis for the federal government to pursue fines and jail time against Greenpeace for the actions in New Zealand, and not only is there no basis for Shell to seek to enforce this code provide, there is absolutely no ability for Shell to seek enforcement of this code provision. This is a criminal code provision that provides for no civil remedy.

The Court has no jurisdiction in a claim just as this, and it should be dismissed.

### 7.    43 USC § 1349

Shell next claims that this Court has jurisdiction pursuant to 43 USC § 1349(b). This code provision is part of the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. § 1331 *et seq*. The OCSLA provides jurisdiction to federal courts for any actual cases or controversies that arise out of oil and mineral operations that are being conducted on the continental shelf. 43 USC § 1349(b). However, review of the entire code provision cited by Shell is warranted, as it does not support Shell's fictitious claim.

LAW OFFICE OF
**HOZUBIN
& MOBERLY**
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

Shell Oil Company v. Greenpeace, Inc. et al.
Case No. 3:12-cv-00042-SLG
Page 30
Case 3:12-cv-00042-SLG   Document 69   Filed 03/19/12   Page 30 of 35

(a) Persons who may bring actions; persons against whom action may be brought; time of action; intervention by Attorney General; costs and fees; security

(1)     Except as provided in this section, any person having a valid legal interest which is or may be adversely affected may commence a civil action on his own behalf to compel compliance with this subchapter against any person, including the United States, and any other government instrumentality or agency (to the extent permitted by the eleventh amendment to the Constitution) for any alleged violation of any provision of this subchapter or any regulation promulgated under this subchapter, or of the terms of any permit or lease issued by the Secretary under this subchapter.

(2)     Except as provided in paragraph (3) of this subsection, <u>no action may be commenced</u> under subsection (a)(1) of this section—

(A)     <u>prior to sixty days after the plaintiff has given notice of the alleged violation</u>, in writing under oath, to the Secretary and any other appropriate Federal official, to the State in which the violation allegedly occurred or is occurring, and to any alleged violator; or

...

(b)     Jurisdiction and venue of actions

(1)     Except as provided in subsection (c) of this section, the district courts of the United States shall have jurisdiction of cases and controversies arising out of, or in connection with

(A)     any operation conducted on the outer Continental Shelf which involves exploration, development, or production of the minerals, of the subsoil and seabed of the outer Continental Shelf, or which involves rights to such minerals, or

LAW OFFICE OF
**HOZUBIN
& MOBERLY**
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

<u>Shell Oil Company v. Greenpeace, Inc. et al.</u>
Case No. 3:12-cv-00042-SLG
Page 31
Case 3:12-cv-00042-SLG   Document 69   Filed 03/19/12   Page 31 of 35

> (B) the cancellation, suspension, or termination of a lease or permit under this subchapter. Proceedings with respect to any such case or controversy may be instituted in the judicial district in which any defendant resides or may be found, or in the judicial district of the State nearest the place the cause of action arose.

(Emphasis added.) Shell would like this Court to completely ignore the requirement that there must have been some violation of the code provision prior to initiating an action. Further, the operation on the OCS must be under way which, at this time, it is not. This code provision provides no basis for an action for preparing for an operation on the OCS, and provides no basis for a cause of action when nothing has yet occurred before the operation on the OCS has begun. This argument is supported by all of the case law pertaining to OCSLA.[90] If this Court accepted Shell's speculative claims as set forth in its Complaint, it would lead to absurd results. Workers could bring preemptive claims against platform owners claiming they "could" be hurt sometime in the future. Claims based on the potential for contact disputes would be valid, even absent an actual contractual dispute.

---

[90] *See Gulf Offshore Co. v. Mobil Oil Corp.*, 453 U.S. 473, 475–76 (1981*)* (crewman injured during storm while on a drilling platform); *Dahlen v. Gulf Crews, Inc.*, 281 F.3d 487, 491 (5th Cir. 2002) (plaintiff suffered injuries while unloading groceries on board an oil and gas platform); *Simms v. Roclan Energy Servs., Inc.*, 137 F.Supp.2d 731, 733 (W.D.La. 2001) (plaintiff injured in basket being lowered from helicopter onto a drilling platform).

LAW OFFICE OF
**HOZUBIN
& MOBERLY**
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

Shell Oil Company v. Greenpeace, Inc. et al.
Case No. 3:12-cv-00042-SLG
Page 32

Case 3:12-cv-00042-SLG   Document 69   Filed 03/19/12   Page 32 of 35

The Court has no jurisdiction.

C.    The Remainder of the "Federal Question" Allegations
      Are Speculative, As Alleged in the Complaint, And As
      A Result This Court has No Jurisdiction Because There
      Is No Case Or Controversy.

"Abstract injury is not enough. The plaintiff must show

that he "has sustained or is immediately in danger of

sustaining some direct injury" as the result of the challenged

official conduct and the injury or threat of injury must be

both "real and immediate," not "conjectural" or

"hypothetical."[91]

"[Plaintiff] must demonstrate that he has suffered an

injury-in-fact, that the injury is traceable to the

[defendant]'s actions, and that the injury can be redressed by

a favorable decision."[92]  "Conjectural" and "hypothetical"

injuries are not sufficient to grant this Court jurisdiction

over an action.

Conjecture and hypothesis is all that remains of the

Complaints once everything else discussed *supra*.  For example

---

[91] Id. at 101-102, *referencing, Golden v. Zwickler,* 394 U.S.
103, 109-110, 89 S.Ct. 956, 960, 22 L.Ed.2d 113 (1969); *United
Public Workers v. Mitchell,* 330 U.S. 75, 89-91, 67 S.Ct. 556,
564-565, 91 L.Ed. 754 (1947); *Maryland Casualty Co. v. Pacific
Coal & Oil Co.,* 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed.
826 (1941); *Massachusetts v. Mellon,* 262 U.S. 447, 488, 43
S.Ct. 597, 601, 67 L.Ed. 1078 (1923)." *See also Nelsen v. King
County,* 895 F.2d 1248, 1250 (9th Cir. 1990).
[92] *Chapman v. Pier 1 Imports (U.S.) Inc.,* 631 F.3d 939, 946 (9th
Cir. 2011)(emphasis added).

LAW OFFICE OF
**HOZUBIN
& MOBERLY**
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

Shell Oil Company v. Greenpeace, Inc. et al.
Case No. 3:12-cv-00042-SLG
Page 33

in cause of action one, Shell alleges that Greenpeace USA is "threatening to interfere with the passage of is drill rig--not that any interference by Greenpeace USA has occurred. In the second cause of action, Shell alleges that Greenpeace USA threatens to continue to interfere with its operation. The same can be said for the third cause of action. In fact, in all twelve causes of action, Shell alleges that Greenpeace USA may or could do something in the future. There is nothing in the Complaint, or, for that matter, in anything presented by Shell to date, that shows that Greenpeace USA has taken any steps toward anything that could result in any of these causes of action. This Court cannot maintain jurisdiction based on Shell's conjecture or hypothetical possibilities.

III. CONCLUSION

The short of this is that Shell is attempting a "pre-emptive" strike against Greenpeace USA, based on what another organization has done in foreign waters. Shell is relying on bullying tactics trying to force this matter through this Court on a fictitious expedited basis, hoping that the Court will not notice that Shell has no viable causes of action against Greenpeace USA. This is clearly evidenced in Shell's use of the TRO procedures that require little to no notice to the entity that is to be restrained.

LAW OFFICE OF
**HOZUBIN
& MOBERLY**
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

Shell Oil Company v. Greenpeace, Inc. et al.
Case No. 3:12-cv-00042-SLG
Page 34
Case 3:12-cv-00042-SLG   Document 69   Filed 03/19/12   Page 34 of 35

When each count reviewed on its own accord, it is readily apparent that this Court has no jurisdiction. The Court should dismiss this matter in its entirety.

DATED this 19th day of March 2012.

LAW OFFICE OF HOZUBIN & MOBERLY
Attorneys for Defendant
Greenpeace, Inc.

By: s/Rebecca J. Hozubin
310 K Street, Suite 405
Anchorage, AK 99501
Phone: 907-276-5297
Fax: 907-276-5291
E-mail: rebecca@wilkersonlaw.net
AK Bar No. 9806016

**CERTIFICATE OF SERVICE**
I hereby certify that on the
19th day of March, 2012, a true
and correct copy of the foregoing
was electronically sent to the
following:

James E. Torgerson, Esq.
Jeffrey W. Leppo, Esq.
Ryan P. Steen, Esq.
Stoel Rives, LLC
510 L Street, Suite 500
Anchorage, AK 99501-1959

LAW OFFICE OF HOZUBIN & MOBERLY

By:   /s/ Rebecca J. Hozubin
9100/389/plead/12(b)(1) - memo

LAW OFFICE OF
**HOZUBIN
& MOBERLY**
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

Shell Oil Company v. Greenpeace, Inc. et al.
Case No. 3:12-cv-00042-SLG
Page 35
Case 3:12-cv-00042-SLG   Document 69   Filed 03/19/12   Page 35 of 35