Michael A. Moberly
Rebecca J. Hozubin
Law Office of Hozubin & Moberly
310 K Street, Suite 405
Anchorage, AK 99501
Phone: 907 276-5297
Fax: 907 276-5291
E-mail: moberlylaw@alaska.com
        rebecca@akdefenselaw.com
AK Bar #9612073 - Michael A. Moberly
AK Bar #9806016 - Rebecca J. Hozubin

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SHELL OIL COMPANY, a Delaware Corporation, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) **GREENPEACE USA'S MEMORANDUM IN** ) **SUPPORT OF ITS MOTION TO** |
| GREENPEACE, INC. a California Corporation, and JOHN and JANE DOES 1-20, | ) **DISMISS PURSUANT TO FEDERAL** ) **RULE OF CIVIL PROCEDURE** ) **12(b)(6)** |
| Defendants. | ) ) |
| | ) Case No. 3:12-cv-00042-SLG |

Defendant, Greenpeace, Inc. (Greenpeace USA), a non-profit

California corporation, moves to dismiss the above-listed

matter, in its entirety, based on Federal Rule of Civil

Procedure 12(b)(6). This motion is intertwined with Greenpeace

USA's Motion to Dismiss pursuant to Federal Rule of Civil

Procedure 12(b)(1), and, as such, Greenpeace USA hereby

incorporates that motion, in its entirety, by reference herein.

LAW OFFICE OF
**HOZUBIN
& MOBERLY**
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

## I.   FACTS

For purposes of avoiding repetition, Greenpeace USA will rely upon the facts as set forth in its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1).

## II.   STANDARD

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true.[1]

"[A] plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[2]

"Factual allegations must be enough to raise a right to relief above the speculative level."[3]

---

[1] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citation omitted).
[2] Id. at 555, *citing Papasan v. Allain*, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").
[3] Id. *citing*, 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004).

LAW OFFICE OF
**HOZUBIN
& MOBERLY**
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

Shell Oil Company v. Greenpeace, Inc. et al.
Case No. 3:12-cv-00042-SLG
Case 3:12-cv-00042-SLG  Document 76  Filed 03/21/12  Page 2 of 44

Finally, materials incorporated into the pleadings and matters of public record may be considered in a 12(b)(6) motion by the court.[4]

## III. IT MAKES NO DIFFERENCE AS TO WHICH JURISDICTIONAL BASIS ALLEGED IS APPLIED; SHELL FAILS TO STATE ANY CLAIMS.

Shell has covered its bases and sought to invoke jurisdiction in three manners: (1) Federal question jurisdiction, 28 USC § 1331; (2) Maritime jurisdiction, 28 USC § 1333; and (3) Diversity jurisdiction, 28 USC § 1332. In its pleading, Shell chose a shotgun approach to pleading that was purposefully vague. While it is clear that counts seven (violation of proposed and existing safety zones), nine, (violation of international regulations for preventing collisions at sea, 22 USC § 1602), ten (malicious mischief on the high seas, 18 USC § 1363), eleven (violence against maritime navigation 18 USC § 2280), and twelve (damage to the property of an energy facility, 18 USC § 1366) clearly fall within the realm of 28 USC § 1331 and/or 28 USC § 1333, the remainder of the allegations do not specify which jurisdiction Shell is invoking.

If Shell is claiming this Court has jurisdiction pursuant to 28 USC § 1332, then the Court is obligated to rely upon

LAW OFFICE OF
**HOZUBIN
& MOBERLY**
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

---

[4] *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). See also, *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

Shell Oil Company v. Greenpeace, Inc. et al.
Case No. 3:12-cv-00042-SLG
Case 3:12-cv-00042-SLG  Document 76  Filed 03/21/12  Page 3 of 44

Alaska state law because the Court is sitting in diversity.[5]  If
Shell is alleging that jurisdiction falls within 28 USC § 1333,
then Shell needs to demonstrate first that the "tort claim …
[satisfies] conditions both of location and of connection with
maritime activity."[6]  Second, Shell must demonstrate that there
is a valid tort, contract, or other cause of action.  If
invoking maritime jurisdiction, Shell can turn to federal
common law.

There are two categories of federal common law claims that
exist.  The first category is where Congress has granted the
court power to establish substantive law, which would include
maritime, and the second is where a federal decision is
necessary to protect a uniquely federal interest.[7]  The U.S.
Supreme Court would agree that disputes between two private
parties as to nuisance, tortious interference with contractual
relations, trespass, trespass to chattels, false imprisonment,
assault, conversion, and reckless endangerment do not pose a
situation where a federal decision is necessary to protect a
uniquely federal interest.[8]

Thus, if Shell is invoking maritime jurisdiction for
nuisance, tortious interference with contractual relations,

[5] *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (U.S. 1938).
[6] *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513
U.S. 527, 534 (1995).
[7] *Texas Industries v. Radcliff*, 451 U.S. 630 (1981).
[8] See *Texas Industries v. Radcliff*, 451 U.S. 630 (1981).

LAW OFFICE OF
**HOZUBIN**
**& MOBERLY**
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

Shell Oil Company v. Greenpeace, Inc. et al.
Case No. 3:12-cv-00042-SLG
Case 3:12-cv-00042-SLG  Document 76  Filed 03/21/12  Page 4 of 44

trespass, trespass to chattels, false imprisonment, assault,
conversion, and reckless endangerment, it needs to present the
basis upon which its claims survive a 12(b)(6) motion.

If Shell falls back on the claim for diversity
jurisdiction for these claims, then Shell fails to state a
claim based on Alaska state law.

Regardless of what Shell argues, it fails to overcome the
12(b)(6) standard.

IV. SHELL FAILED TO STATE A CLAIM UPON WHICH RELIEF MAY BE
GRANTED ON ALL COUNTS.

   A.   Shell Has Not Alleged Greenpeace USA As Having Done
        Anything.

Shell Oil claims that "Greenpeace" is an "international
environmental advocacy organization" and unlawfully boarded the
*Noble Discoverer* in New Zealand.[9]  The boarding of the *Noble
Discoverer* forms the linchpin of Shell Oil's claims.  The
incident involving the *Noble Discoverer* is prominently
mentioned in every cause of action in the First Amended
Complaint.[10]

However, Greenpeace USA is not an international
organization and is not responsible for the boarding of the
*Noble Discoverer*.  Greenpeace USA only works in the United
States and is not permitted, under the terms of the license

LAW OFFICE OF
**HOZUBIN
& MOBERLY**
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

---

[9] Docket No. 7 at 3.
[10] Docket No. 4 at 10-16.

*Shell Oil Company v. Greenpeace, Inc. et al.*
Case No. 3:12-cv-00042-SLG
Page 5
Case 3:12-cv-00042-SLG  Document 76  Filed 03/21/12  Page 5 of 44

agreement, to operate outside U.S. territory. As set out in the Declaration of Thomas Wetterer, Greenpeace USA's General Counsel, Greenpeace USA, like other Greenpeace organizations worldwide, has bilateral agreements, such as a licensing and frame work agreement, with Greenpeace International that allows Greenpeace USA to use the name "Greenpeace" in U.S. territory.[11] Neither Greenpeace International nor any other Greenpeace organization controls the activities of Greenpeace USA.[12] Likewise, Greenpeace USA does not control the activities of other Greenpeace entities.[13]

According to the exhibits attached to the affidavit of Mr. Peter Scott, Shell Oil's Senior Communications Manager, Greenpeace New Zealand (formally: Greenpeace of New Zealand Incorporated, an incorporated society under New Zealand law), not Greenpeace USA, was responsible for the boarding of the *Noble Discoverer*.[14] Greenpeace USA was not involved in the New Zealand incident.

The only recent past activity that Shell Oil alleges involved both Greenpeace USA and Shell Oil is the May 2010 boarding of the *Harvey Explorer*. The evidence involving this incident is contained in Exhibit H attached to Mr. Scott's

---

[11] See Declaration of Thomas W. Wetterer at ¶¶ 5.
[12] Id. at ¶¶ 8-9.
[13] Id. at ¶ 8.
[14] Docket No. 11-15 (Exhibit M).

LAW OFFICE OF
**HOZUBIN & MOBERLY**
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

Shell Oil Company v. Greenpeace, Inc. et al.
Case No. 3:12-cv-00042-SLG
Case 3:12-cv-00042-SLG  Document 76  Filed 03/21/12  Page 6 of 44

declaration.[15] This exhibit consists of a news story by *Dow Jones Newsletters*. First, the story says that the *Harvey Explorer* was "contracted by Royal Dutch Shell," a different corporation from Shell Oil. The story goes on to say that no one was injured in the incident, that the matter was referred to the police, and that a spokeswoman for Royal Dutch Shell said that the corporation was "disappointed in the approach taken by Greenpeace today."[16]

Shell Oil is not maintaining a cause of action in the present case against Greenpeace USA on account of the boarding of the *Harvey Explorer*. Even if Shell Oil could maintain a cause of action based on harm to Royal Dutch Shell, such a cause of action would have to be brought in Louisiana.

In short, the Complaint, and the pleadings before this Court, demonstrates that Greenpeace USA, the defendant in this action, had no involvement in any the harms Shell has alleged it has incurred in the past.

Further, as amply demonstrated in the Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1), the remainder of the allegations are nothing more than speculation and conjecture, from which this Court is precluded from ruling. There has been no valid case or controversy alleged in the

LAW OFFICE OF
**HOZUBIN
& MOBERLY**
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

---

[15] Docket No. 11-9.
[16] Id.

Shell Oil Company v. Greenpeace, Inc. et al.
Case No. 3:12-cv-00042-SLG
Case 3:12-cv-00042-SLG  Document 76  Filed 03/21/12  Page 7 of 44

Complaint against Greenpeace USA either in waters or on land within the jurisdiction of this Court.

Shell failed to state any valid cause of action against Greenpeace USA, and its Complaint should be dismissed.

B.    First Cause Of Action:  Nuisance

While the Supreme Court has recognized federal common law nuisance actions, it has only recognized such actions as federal common law when one state institutes an action to enjoin another from carrying out damaging activities.[17]  Thus, it does not appear that federal common law is at play with respect to plaintiff's nuisance claims.

1.    Public Nuisance

Plaintiff's first allegation is that some alleged actions constitute "a public nuisance."  First, there is no statutory basis in Alaska for Shell's claim of public nuisance.  A.S. 38.05.128 statutorily precludes obstructions on navigable waters, but it is a criminal statute and does not provide for a private cause of action.

Further, the State of Alaska does not have jurisdiction over the navigable waters at issue.  First, these are New Zealand waters, which would not fall within the jurisdiction of this Court, let alone a state court.  See Motion to Dismiss

LAW OFFICE OF
**HOZUBIN
& MOBERLY**
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

---

[17] *Illinois v. City of Milwaukee*, 406 U.S. 91, 92 (1972); *Georgia v. Tennessee Copper Co.*, 206 U.S. 230 (1907); and *Missouri v. Illinois*, 180 U.S. 208 (1901).

Shell Oil Company v. Greenpeace, Inc. et al.
Case No. 3:12-cv-00042-SLG
Case 3:12-cv-00042-SLG  Document 76  Filed 03/21/12  Page 8 of 44

pursuant to Federal Rule of Civil Procedure 12(b)(1). Second, these are allegations pertaining to acts and threats while on the high seas. Again, this Court would not have jurisdiction, nor would the state court.

Finally, the State of Alaska could not impose statutory control over the OCS. Congress passed the Submerged Lands Act in 1953, 43 U.S.C. § 1301 *et seq.*, granting states control over the bottom of the ocean for three miles offshore. The three miles offshore was measured from the "line of ordinary low water along that portion of the coast which is in direct contact with the open sea."

In 1953, Congress also passed the Outer Continental Shelf Land Act, 43 U.S.C. § 1331 *et seq.*, endorsing the national government's claim to ocean resources. The United States has claimed a Territorial Sea for 12 miles offshore, plus an Exclusive Economic Zone (EEZ) extending from 12-200 nautical miles offshore. Based on that claim, federal agencies will determine if oil drilling platforms will be permitted on the Outer Continental Shelf, while state agencies will manage the inner continental shelf within three miles of the shoreline.

Certainly, A.S. 09.50.170 *et seq.*, abatement statutes for certain nuisances, cannot be applicable, because it would necessitate that the state be a party to the action, and the

LAW OFFICE OF
**HOZUBIN
& MOBERLY**
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

Shell Oil Company v. Greenpeace, Inc. et al.
Case No. 3:12-cv-00042-SLG
Case 3:12-cv-00042-SLG  Document 76  Filed 03/21/12  Page 9 of 44

allegations in the Complaint are inconsistent with A.S.
09.50.170.[18]

> As to Alaska common laws, in order
>
> > [t]o establish a claim based on public nuisance, it
> > is not sufficient merely to show that one was injured
> > by the creation or maintenance of some physical
> > condition which would cause injury to a person coming
> > into contact with it. It must also be shown that
> > such condition would be injurious to those who came
> > in contact with it in the exercise of a public or
> > common right.[19]

"A nuisance is a substantial and unreasonable interference
with the use and enjoyment of property. A public nuisance
includes any 'conduct regarded as so inimical to so many
people' that government units are entitled to enjoin the
conduct through criminal prosecution or through abatement to
'protect the general welfare.'"[20]

> The private individual can recover in tort for a
> public nuisance only if he has suffered harm of a
> different kind from that suffered by other persons
> exercising the same common right. It is not enough

---

[18] Notably, none of these statutes are applicable either: AS
03.05.050 (nuisance pertaining to agricultural or fishing
products); AS 03.30.030 (nuisance pertaining to wire fences);
AS 09.50.170-.240 (nuisance pertaining to bawdy houses); AS
16.05.800 (nuisance pertaining to fishing equipment); AS
16.05.880 (nuisance pertaining to construction in specified
waters); AS 19.25.150 (nuisance pertaining to signs); and AS
19.27.060-.080 (nuisance pertaining to junk yards).
[19] *Maier v. Ketchikan*, 403 P.2d 34, 38 (Alaska 1965), *overruled
on other grounds*, *Johnson v. City of Fairbanks*, 583 P.2d 181,
183 (Alaska 1978).
[20] *Budd v. City of Houston*, 2000 WL 34545798, *3 (Alaska
2000)(not reported in P.3d).

LAW OFFICE OF
**HOZUBIN
& MOBERLY**
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

Shell Oil Company v. Greenpeace, Inc. et al.
Case No. 3:12-cv-00042-SLG
Case 3:12-cv-00042-SLG  Document 76  Filed 03/21/12  Page 10 of 44

that he has suffered the same kind of harm or
interference to a greater extent or degree.[21]

"A public right is one common to all members of the general
public."[22]

Clearly, neither Alaska statutes nor case law provide any
cause of action for an "anticipatory" nuisance. In order for a
plaintiff to pursue a nuisance claim in Alaska, the harm must
have been incurred already.

Further, Shell can hardly argue that this "anticipatory
nuisance" is going to occur while Shell is exercising a common
or public right. The public does not have the common right to
drill for oil on the OCS.

Shell has failed to state a cause of action for public
nuisance, and the allegation should be dismissed.

2.   Private Nuisance

Federal common law does not recognize private nuisance
causes of action in maritime cases.[23]

Private nuisance is a state law cause of action.[24] Alaska
statutorily defines "nuisances" as "a substantial and
unreasonable interference with the use or enjoyment of real

---

[21] Restatement (Second) of Torts § 821C, cmt. b (1979) (emphasis
added). See also Maier v. Ketchikan, 403 P.2d 34, 38 (Alaska
1965), overruled on other grounds.
[22] Restatement (Second) of Torts § 821B, cmt. g (1979).
[23] Sekso Energy, Inc. v. M/V Margaret Chouest, 820 F.Supp. 1008,
1013 (E.D.La. 1993).
[24] A.S. 09.45.230.

LAW OFFICE OF
**HOZUBIN
& MOBERLY**
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

Shell Oil Company v. Greenpeace, Inc. et al.
Case No. 3:12-cv-00042-SLG
Case 3:12-cv-00042-SLG  Document 76  Filed 03/21/12  Page 11 of 44

property, including water." The statute on its face requires that there be an "interference," not that there might be an interference.

Shell has specifically alleged the following as the basis of its private nuisance cause of action:

> 30. Greenpeace has intentionally and knowingly obstructed and interfered with the free passage and operation of the *Noble Discoverer*, the *Kulluk*, other vessels owned or operated by or on behalf of Shell, and OCS facilities owned or operated by or on behalf of Shell, by blockading those vessels, blocking the path of those vessels, positioning their own vessels and associated equipment and human divers at unsafe locations near the path of those vessels and facilities or on those vessels and facilities, or by engaging in other tortious and unlawful actions.[25]

The Complaint at paragraph 20 alleges that "Greenpeace" has blockaded vessels, boarded vessels, and initiated a training program in Florida.[26] At paragraph 22 of the Complaint, Shell alleges that "Greenpeace" unlawfully boarded and occupied the *Noble Discoverer* while it was located in New Zealand.[27] At paragraph 23 of the Complaint, Shell alleges that "Greenpeace" moved one of its three large vessels into the Gulf of Mexico.[28] Paragraph 24 alleges that "Greenpeace" unlawfully boarded the *Harvey Explorer* while in the Gulf of Mexico.

---

[25] Docket 4 at 10.
[26] Docket 4 at 7-8.
[27] Docket 4 at 8.
[28] Docket 4 at 8.

LAW OFFICE OF
**HOZUBIN**
**& MOBERLY**
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

Shell Oil Company v. Greenpeace, Inc. et al.
Case No. 3:12-cv-00042-SLG
Case 3:12-cv-00042-SLG  Document 76  Filed 03/21/12  Page 12 of 44

Even if all of this is accepted as true, nowhere on the face of the Complaint has Shell alleged Greenpeace USA to have done anything that would give rise to an Alaska law-based cause of action for private nuisance. Shell has failed to state a claim upon which relief can be granted. The Court should dismiss the claim for private nuisance.

C.    Tortious Interference with Contractual Relations

Shell alleges in its second cause of action that Greenpeace has tortiously interfered, or will tortiously interfere, with Shell's contractual relations. Specifically, that it has allegedly "improperly interfered and threatens to further interfere with Shell's contracts for the transport of the *Noble Discoverer* and other vessels by blockading the vessels, blocking the path of the vessels and otherwise interfering with the ability of Shell to transport the vessels."[29]

In order to make out a viable cause of action for tortious interference with a contract between the plaintiff and a third party or parties, plaintiff must allege and prove the following:

> (1) the existence of a contract; (2) the defendant was aware of the contract; (3) the contract was breached; (4) the defendant's conduct was the cause

LAW OFFICE OF
**HOZUBIN
& MOBERLY**
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

[29] Docket 4 at 11.

Shell Oil Company v. Greenpeace, Inc. et al.
Case No. 3:12-cv-00042-SLG
Case 3:12-cv-00042-SLG   Document 76   Filed 03/21/12   Page 13 of 44

of that breach; (5) damages; and (6) the defendant's
conduct was not privileged.[30]

Shell has not alleged that Greenpeace USA had any

knowledge of the contract or contracts it accuses Greenpeace of

tortuously interfering with, nor that Greenpeace USA interfered

with any contract. Accordingly, this claim must be dismissed.

Moreover, this tort cause of action is not intended for

situations where a breach of the contract is some incidental or

collateral effect of the alleged conduct.[31]

Finally, Shell failed to allege that there has been an

actual breach of any contract at the time of pleading. As

discussed at length in the Motion to Dismiss Pursuant to

Federal Rule of Procedure 12(b)(1), and adopted herein by

reference, speculative claims are not valid.

Because Shell has failed to plead the requisite elements

of a tortious interference with contractual relations claim,

---

[30] *Kinzel v. Discovery Drilling, Inc.*, 93 P.3d 427, 443 (Alaska
2004), *citing Briggs v. Newton*, 984 P.2d 1113, 1119 (Alaska
1999). See also, *Alyeska Pipeline Service Co. v. Aurora Air
Serv., Inc.*, 604 P.2d 1090, 1095 (Alaska 1979), *following*
Restatement; Restatement (Second) of Torts § 766, cmt. i.
[31] Restatement (Second) of Torts § 766; see also *5 Modern Tort
Law: Liability and Litigation* § 45:3 at 6-7 (2002). See also
*Safeway Ins. Co. Inc. v. Guerrero*, 106 P.3d 1020, 1026-1027
(Ariz. 2005), *citing*, *inter alia*, Restatement (Second) of Torts
§ 773; and *Durrette Bradshaw, P.C. v. MRC Consulting, L.C.*, 670
S.E.2d 704, 707 (Va. 2009)(discussing Restatement and holding
that plaintiff did not sufficiently state cause of action for
tortious interference with its contract with third party).

LAW OFFICE OF
**HOZUBIN
& MOBERLY**
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

Shell Oil Company v. Greenpeace, Inc. et al.
Case No. 3:12-cv-00042-SLG
Case 3:12-cv-00042-SLG  Document 76 Page Filed 03/21/12  Page 14 of 44

the second count of the first Amended Complaint must be dismissed.

### D. Trespass and Trespass to Chattels

In general, no federal common law cause of action exists for trespass or trespass to chattels.[32] Federal courts have established certain exceptions to this doctrine, including trespass onto Indian lands.[33] The Fifth Circuit has even considered maritime trespass as a federal cause of action.[34] However, in so finding, the Fifth Circuit held that "general common law and in particular the Restatement (Second) of Torts should control

---

[32] See *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 286 (1993) (noting that trespassing on private property is unlawful in every state and can be prosecuted criminally and civilly under state law, and the enforcement of trespass laws does not give rise to a federal cause of action even where trespass is undertaken in the name of free speech).
[33] See *United States v. Pend Oreille Public Utility Dist. No. 1*, 28 F.3d 1544, 1550 n. 8 (9th Cir. 1994) ("The Supreme Court has recognized a variety of federal common law causes of action to protect Indian lands from trespass, including actions for ejectment, accounting of profits, and damages.")
[34] *Marastro Compania Naviera, S.A. v. Canadian Maritime Carriers, Ltd.*, 959 F.2d 49, 53 (5th Cir. 1992) (holding that "[w]hile no rule of trespass exists in maritime law, federal courts may borrow from a variety of sources in establishing common law admiralty rules to govern maritime liability where deemed appropriate … in the absence of federal cases or an established federal admiralty rule on trespass, it would be more appropriate to apply general common law rather than state law which would impair the uniformity and simplicity which is a basic principle of the federal admiralty law ..."), *quoting Nissan Motor Corp. v. Maryland Shipbuilding, etc.,* 544 F.Supp. 1104, 1111 (D.Md. 1982).

LAW OFFICE OF
**HOZUBIN
& MOBERLY**
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

Shell Oil Company v. Greenpeace, Inc. et al.
Case No. 3:12-cv-00042-SLG
Case 3:12-cv-00042-SLG  Document 76  Filed 03/21/12  Page 15 of 44

to determine the law of maritime trespass, in order to promote uniformity in general maritime law."[35] Alaska has adopted the Restatement (Second) of Torts in trespass actions.[36]

Shell is not specific as to whether it is asserting these claims based on state or federal jurisdiction. As the Court is aware, Shell sued under both 28 U.S.C. §§ 1331 and 1333, alleging federal question jurisdiction and maritime jurisdiction. However, Shell does not limit the allegations in support of its trespass and trespass to chattels claims to actions within this Court's maritime jurisdiction.[37]

Further, Shell has asserted diversity jurisdiction and, as such, these claims could readily fall within state jurisdiction, thus necessitating a review of state law. To the extent that Shell refers to trespasses occurring on land, no federal cause of action would exist and state law would control.[38]

---

[35] Id.
[36] *Wernberg v. Matanuska Elec. Ass'n.*, 494 P.2d 790, 793 (Alaska 1972) (rejecting the common law rule in favor of the more "modern" approach taken by §§ 165 and 166 of the Restatement (Second) of Torts (1965)).
[37] See Docket 4 at 4, 11, ¶¶ 9, 38-39.
[38] See *Bray*, 506 U.S. at 286.

LAW OFFICE OF
**HOZUBIN
& MOBERLY**
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

Shell Oil Company v. Greenpeace, Inc. et al.
Case No. 3:12-cv-00042-SLG
Case 3:12-cv-00042-SLG   Document 76   Filed 03/21/12   Page 16 of 44

A federal cause of action might exist as to any trespass claims accruing under this Court's maritime jurisdiction, but precedent would favor applying the Restatement (Second) of Torts to assess the validity of such claims.[39] The short of this is that, regardless of whether this Court recognizes a federal maritime cause of action for trespass, it should evaluate Shell's claims under the same legal standard -- that announced by the Restatement (Second) of Torts. The Ninth Circuit has found that it is appropriate to apply state law to maritime causes of action where federal admiralty law and state law would reach the same result.[40] Alaska has adopted the Restatement (Second) of Torts in trespass actions, thus it is appropriate to review these claims under this standard.

### 1. Trespass

Shell fails to state a cause of action for trespass under the Restatement standard. The damages recoverable

---

[39] See *Marastro Compania Naviera, S.A. v. Canadian Maritime Carriers, Ltd.*, 959 F.2d 49, 53 (5th Cir. 1992).
[40] See *Certain Underwriters at Lloyd's v. Montford,* 52 F.3d 219, 222 n. 1 (9th Cir. 1995) (applying California law where federal admiralty law and California law were "materially the same."); *Reliance Ins. Co. v. McGrath,* 671 F.Supp. 669, 675 (N.D.Cal.1987) (applying California law to marine insurance contract where federal admiralty law and California law reached the same result).

LAW OFFICE OF
**HOZUBIN
& MOBERLY**
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

Shell Oil Company v. Greenpeace, Inc. et al.
Case No. 3:12-cv-00042-SLG
Case 3:12-cv-00042-SLG  Document 76  Filed 03/21/12  Page 17 of 44

for trespass depend on whether the entry resulted from conduct that was negligent, reckless, abnormally dangerous, or from an intentional trespass.[41] For reckless, negligent, or abnormally dangerous activities, Restatement (Second) of Torts § 165 provides,

> One who … enters land in the possession of another or causes a thing or third person so to enter is subject to liability to the possessor if, but only if, his presence or the presence of the thing or the third person upon the land causes harm to the land, to the possessor, or to a thing or a third person in whose security the possessor has a legally protected interest.

Restatement (Second) of Torts §§ 163 and 164 make intentional trespassers liable to the possessor, at least for nominal damages, even where the trespass causes no harm to the land and the trespasser believes that he or she has the right to be on the land.[42] Even if harm occurs from the trespass, no liability results from an entry that is not intentional, negligent, reckless, or the result of abnormally dangerous activity.[43]

In the current case, Greenpeace USA has committed no trespass under the Restatement standard. Greenpeace New

---

[41] See Restatement (Second) of Torts, §§ 163-166 (1965).
[42] See *Brown Jug, Inc. v. Int'l Bhd. of Teamsters*, 688 P.2d 932, 938 (Alaska 1984), *citing* the Restatement (Second) of Torts § 164 (1965).
[43] Restatement (Second) of Torts at § 166 (1965).

LAW OFFICE OF
**HOZUBIN
& MOBERLY**
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

Shell Oil Company v. Greenpeace, Inc. et al.
Case No. 3:12-cv-00042-SLG
Case 3:12-cv-00042-SLG  Document 76  Filed 03/21/12  Page 18 of 44

Zealand boarded the *Noble Discoverer* in New Zealand, as set
forth in the Complaint, without any involvement by
Greenpeace USA.[44]  In order to state a cause of action for
the tort of trespass, the alleged tortfeasor must enter
land in the possession of another.[45]  Greenpeace USA has
not entered land, or any property, in Shell's possession.
The Restatement does not contemplate a cause of action for
a threatened trespass.  Thus, Shell cannot and has not
stated a trespass claim on which this Court can grant
relief.  The Court should dismiss the claim for trespass.

### 2.  Trespass to Chattels

Since Shell fails to state a viable trespass claim, it
naturally follows that Shell cannot state a claim for trespass
to chattels.  The distinction between trespass to chattels
and conversion is primarily one of degree.[46]  Conversion is
"'an intentional exercise of dominion or control over a
chattel which so seriously interferes with the right of
another to control it that the actor may justly be required

---

[44] Docket 40 at 7; Docket 41 at 3, ¶ 8.
[45] See Restatement (Second) of Torts, §§ 163-166 (1965).
[46] See Restatement (Second) of Torts § 222A cmt. c (1965).

LAW OFFICE OF
**HOZUBIN**
**& MOBERLY**
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

Shell Oil Company v. Greenpeace, Inc. et al.
Case No. 3:12-cv-00042-SLG
Case 3:12-cv-00042-SLG  Document 76  Filed 03/21/12  Page 19 of 44

to pay the other the full value of the chattel.'"[47]
Trespasses constitute less serious interferences.[48]

Greenpeace USA has not dispossessed Shell of any of
its chattels or intermeddled with its interests therein.
The only chattel discussed by Shell is the *Noble
Discoverer*.[49] As stated above, Greenpeace USA has taken no
action affecting Shell's possessory interest in the *Noble
Discoverer*.[50] Further, the only action that was alleged to
have been taken to affect Shell's possessory interest was
taken, by Shell's own admission, in New Zealand. The
Restatement does not permit an award of tort damages for
threatening a trespass to chattels, even if Greenpeace had
made such a threat. Shell thus fails to state a claim for
trespass to chattels on which this Court can grant relief.

E. False Imprisonment

In the fourth count of its First Amended Complaint, Shell
alleges that Greenpeace falsely imprisoned those on board the

---

[47] *McKibben v. Mohawk Oil*, 667 P.2d 1223, 1228 (Alaska 1983)
(overruled on other grounds), *quoting* Restatement, supra, at §
222A. See also *Dressel v. Weeks*, 779 P.2d 324, 328 (Alaska
1989).
[48] See Restatement, supra, at § 222A cmt. c.
[49] Docket 4 at 11, ¶ 39.
[50] Docket 40 at 7; Docket 41 at 3, ¶ 8.

LAW OFFICE OF
**HOZUBIN
& MOBERLY**
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

Shell Oil Company v. Greenpeace, Inc. et al.
Case No. 3:12-cv-00042-SLG
Case 3:12-cv-00042-SLG   Document 76   Filed 03/21/12   Page 20 of 44

*Noble Discoverer* by impeding its progress and effectively

blockading movement. Shell specifically alleges:

> 43. Greenpeace is impeding progress and
> effectively blockading the *Noble Discoverer*. … By
> making … it impossible for these vessels to move,
> Greenpeace has … falsely imprison (*sic*) those on
> board the vessels.[51]

The only factual allegation to support this allegation in the

Complaint relates to conduct alleged to have occurred in New

Zealand waters. This Court also has no jurisdiction over false

imprisonment claims arising from allegations of conduct in New

Zealand waters.[52]

First, as set forth supra, Greenpeace USA is not

responsible for the boarding of the *Noble Discoverer*. Second,

this Court does not have jurisdiction over activities allegedly

conducted by foreign protestors in foreign waters aboard a

foreign-flagged vessel.[53] Shell's claim that "Greenpeace"

falsely imprisoned persons on the *Noble Discoverer* warrants

summary dismissal.

---

[51] Docket 4 at 12.

[52] See Motion to Dismiss Pursuant to Federal Rule of Civil
Procedure 12(B)(1).

[53] *Hellenic Lines Ltd. v. Rhoditis*, 398 U.S. 306 (1970); *Romero
v. Int'l Terminal Operating Co.*, 358 U.S. 354 (1959)(superseded
by statute on other grounds); *Lauritzen v. Larsen*, 345 U.S. 571
(1953); *United States v. Flores*, 289 U.S. 137 (1933). See
generally, Greenpeace Motion to Dismiss Pursuant to Federal
Rule of Civil Procedure 12(b)(1).

LAW OFFICE OF
**HOZUBIN
& MOBERLY**
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

Shell Oil Company v. Greenpeace, Inc. et al.
Case No. 3:12-cv-00042-SLG
Case 3:12-cv-00042-SLG  Document 76  Filed 03/21/12  Page 21 of 44

## 1. Future False Imprisonment Claim

Shell also claims that "Greenpeace intends to falsely imprison those on board the vessels." Shell specifically pleads:

> 43. Greenpeace is … threatening to further impede the movement of the *Noble Discoverer* and other vessels owned or operated by or for Shell. By … threatening to make it impossible for these vessels to move, Greenpeace … threatens to falsely imprison those on board the vessels.[54]

Shell does not specify when or where it believes Greenpeace USA intends to falsely imprison those on board its drilling rigs and vessels. Apparently, based on allegations in the Complaint, Shell believes that Greenpeace USA will attempt to blockade the *Northern Discoverer* from reaching the Chukchi Sea, and/or engage in some non-specified pattern of "unlawful activities" directed at Shell's operations in the Gulf of Mexico.[55] This claim fails to set forth a cognizable legal theory and fails to set forth sufficient facts to support a cognizable legal theory; therefore, dismissal under Rule 12(b)(6) is appropriate.[56]

---

[54] Docket 4 at 12.
[55] Docket 4 at 8-9.
[56] *Mendiondo v. Centinela Hosp. Medical Center*, 521 F.3d 1097, 1103-1104 (9th Cir. 2008) (citation omitted).

LAW OFFICE OF
**HOZUBIN
& MOBERLY**
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

Shell Oil Company v. Greenpeace, Inc. et al.
Case No. 3:12-cv-00042-SLG
Case 3:12-cv-00042-SLG   Document 76   Filed 03/21/12   Page 22 of 44

Alaska case law[57] recognizes the tort of false
imprisonment.[58]  In *Zok v. State*, 903 P.2d 574 (Alaska 1995),
the Alaska Supreme Court quoted the Restatement in setting out
the necessary elements of the tort:

> A person is subject to liability to another for false
> imprisonment if (1) he or she acts intending to
> confine the other or a third person within boundaries
> fixed by the actor; (2) his or her act directly or
> indirectly results in such a confinement of the
> other; and (3) the other is conscious of the
> confinement or is harmed by it.[59]

While the "threat" of false imprisonment by physical force is
actionable (Restatement (Second) of Torts, § 40), the threat to
take action must be imminent.  The Restatement makes this
clear:

> The submission [to threat of force] must be made to a
> threat to apply the physical force <u>immediately upon</u>

---

[57] It does not appear that there is a federal common law claim
for false imprisonment.  False imprisonment claims, even when
attached to federal claims and federal jurisdiction, are
generally state court claims.  See *Cousins v. Lockyer*, 568 F.3d
1063 (9th Cir. 2009); *Estate of Bayani v. Islamic Republic of
Iran*, 530 F.Supp.2d 40, (D.D.C. 2007); *Bayne v. Provost*, 359
F.Supp.2d 234 (N.D.N.Y. 2005); and *Fournier v. Lufthansa German
Airlines*, 191 F.Supp.2d 996 (N.D.Ill. 2002).  There are
specific instances when federal common law might be applied to
false imprisonment claims, but those instances generally
involve the government wrongfully imprisoning/incarcerating
someone.  *Parish v. City of Elkhart*, 614 F.3d 677 (7th Cir.
2010), and *Sullivan v. Murphy*, 478 F.2d 938 (C.A.D.C. 1973).
[58] *Malvo v. J.C. Penney Co., Inc.*, 512 P.2d 575 (Alaska
1973)(overruled on other grounds); *City of Nome v. Ailak*, 570
P.2d 162 (Alaska 1977).
[59] <u>Id.</u> at 577 n. 4, *citing* Restatement (Second) of Torts § 35,
at 52 (1965).

LAW OFFICE OF
**HOZUBIN
& MOBERLY**
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

Shell Oil Company v. Greenpeace, Inc. et al.
Case No.  3:12-cv-00042-SLG
Page 24
Case 3:12-cv-00042-SLG  Document 76  Filed 03/21/12  Page 23 of 44

> the other's going or attempting to go beyond the area
> within which the threat is intended to confine him.
> Submission to the threat to apply the physical force
> at a time appreciably later than that at which the
> other attempts to go beyond the given area is not
> confinement.[60]

The illustration to the comment is also informative:

> A tells B that if he leaves the room he, A, will
> shoot him the next time he meets him on the street.
> B, in submission to the threat, remains in the room.
> A has not confined B.

Shell alleges non-tortious conduct in its Complaint. Its false imprisonment claim is premised on the theory that, at some future time in some non-specified location, Greenpeace USA will blockade a vessel or vessels. This type of allegation does not set forth the necessary elements of a false imprisonment claim.[61]

Shell has failed to state a claim for false imprisonment upon which relief may be granted by this Court, or any court. The claims for false imprisonment should be dismissed.

---

[60] Restatement (Second) of Torts, § 40 (confinements by threat of force), cmt. b (emphasis added).

[61] See Limited Stores, Inc. v. Wilson-Robinson, 876 S.W.2d 248, 252 (Ark. 1994) ("threats of future action, such as calling the police and having the person arrested, are not ordinarily sufficient in themselves to effect an unlawful imprisonment"); Moen v. Las Vegas International Hotel, Inc., 521 P.2d 370, 371 (Nev. 1971) ("apprehension that one might in the future lose one's job or be prosecuted for theft is not force or the threat of force which is necessary to establish false imprisonment"); Foley v. Polaroid Corp., 508 N.E.2d 72, 78 (Mass. 1987) (threat of discharge in employment case not sufficient to constitute false imprisonment); Williams v. Summit Psychiatric Ctrs., P.C., 363 S.E.2d 794, 796 (Ga. App.1987) ("Threats to imprison are not imprisonments.").

LAW OFFICE OF
**HOZUBIN
& MOBERLY**
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

Shell Oil Company v. Greenpeace, Inc. et al.
Case No. 3:12-cv-00042-SLG
Case 3:12-cv-00042-SLG  Document 76  Filed 03/21/12  Page 24 of 44

F.   Assault

Shell next alleges that by "positioning its vessels near the *Noble Discoverer*," activists in New Zealand not associated with the defendant entity have "placed persons onboard the *Noble Discover* and other vessels in fear of imminent physical injury by means of a dangerous instrument."[62]

### 1. Alleged Past Assault: New Zealand

Shell's claim that "Greenpeace" assaulted persons onboard the *Noble Discoverer* also warrants summary dismissal.

First, as set forth supra, Greenpeace USA is not an international organization and is not responsible for the boarding of the *Noble Discoverer*. Second, this Court does not have jurisdiction over activities allegedly conducted by foreign protestors in foreign waters aboard a foreign vessel. The Complaint states:

> 46.   Greenpeace's extremely dangerous actions … on and near drilling operations, vessels in transit and vessels in port, have recklessly placed … persons onboard the *Noble Discoverer* and other vessels in fear of imminent physical injury by means of a dangerous instrument.[63]

---

[62] Docket 4 at 12.
[63] Id.

Shell Oil Company v. Greenpeace, Inc. et al.
Case No. 3:12-cv-00042-SLG

LAW OFFICE OF
**HOZUBIN
& MOBERLY**
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

Further, the only allegations regarding the boarding of rigs and vessels in the Complaint are foreign-flagged rigs and vessels in foreign waters.[64]

On the face of the Complaint, Shell has failed to state a cause of action for any alleged assault that has already occurred.

### 2. Future Assault

Next Shell alleges that there is some future assault.

> 46. Greenpeace's … threatened actions on and near drilling operations, vessels in transit and vessels in port, … threaten to recklessly place persons onboard the *Noble Discoverer* and other vessels in fear of imminent physical injury by means of a dangerous instrument.[65]

Alaska relies on the Restatement (Second) of Torts for the elements of assault.[66] Under the Restatement definition, one commits assault if "(a) he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and (b) the other is thereby put in such imminent apprehension."[67]

---

[64] See Greenpeace Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1).

[65] Docket 4 at 12.

[66] *Dept. of Corrections v. Heisey*, ___ P.3d ___, 2012 WL 676367 at *8 (Alaska, March 2, 2012), *citing Taylor v. Johnston*, 985 P.2d 460, 464 (Alaska 1999).

[67] Id., *quoting* Restatement (Second) of Torts § 21 (1965).

LAW OFFICE OF
**HOZUBIN
& MOBERLY**
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

Shell Oil Company v. Greenpeace, Inc. et al.
Case No. 3:12-cv-00042-SLG
Case 3:12-cv-00042-SLG  Document 76  Filed 03/21/12  Page 26 of 44

Although there are no Alaska cases addressing this issue, the Restatement makes clear that the assault must be immediately forthcoming to be actionable:

> (1) To make the actor liable for an assault, he must put the other in apprehension of an imminent contact.
>
> (2) An act intended by the actor as a step toward the infliction of a future contact, which is so recognized by the other, does not make the actor liable for an assault under the rule stated in § 21.[68]

The apprehension must be of an imminent, offensive, or harmful contact.[69] Comment "b" to the Restatement explains that there must be "no significant delay" between the point that the victim apprehends an assault and the actual contact. Illustration 2 to comment "c" states: "A threatens to shoot B and leaves the room with the express purpose of getting his revolver. A is not liable to B." The Restatement rejects any assault case against a defendant for alleged future conduct.[70]

Following the Restatement (which forms the basis for law on the elements of an assault tort claim), the fifth count of Shell's First Amended Complaint must be dismissed.

---

[68] Restatement (Second) of Torts § 29 (1965).
[69] 4 *Modern Tort Law: Liability & Litigation* (2006) 42:6 at 9, *citing Gelhaus v. Eastern Air Lines*, 194 F.2d 774 (5th Cir. 1952) (threat of future action alone not enough for assault).
[70] *Brower v. Ackerly*, 943 P.2d 1141 (Wash. App. 1997), *quoting* Restatement (2d) of Torts § 29 cmt. b. See also, *Lopez v. United Parcel Serv., Inc.*, 2009 WL 1422228 (D. Nev. 2009) (words threatening future action not assault under Restatement).


LAW OFFICE OF
**HOZUBIN & MOBERLY**
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

Shell Oil Company v. Greenpeace, Inc. et al.
Case No. 3:12-cv-00042-SLG
Case 3:12-cv-00042-SLG Document 76 Filed 03/21/12 Page 27 of 44

G.   Conversion

Shell's sixth cause of action states that "Greenpeace's actual and threatened conduct, as alleged above, including its illegal boarding and occupation of the *Noble Discoverer* constitutes unauthorized use and control, and tortious conversion, of Shell's personal property."[71] Shell does not specify whether it brings its conversion claim under federal maritime law or state tort law.

To invoke federal admiralty jurisdiction over a tort claim, a party "must satisfy conditions both of location and of connection to maritime activity."[72] The location test requires courts to determine "whether the tort occurred on navigable water or whether injury suffered on land was caused by a vessel on navigable water."[73] The connection test necessitates findings on (1) whether the general features of the type of incident involved indicate that the tort could have a potentially disruptive impact on maritime commerce; and (2) whether "the general character" of the "activity giving rise to the incident" shows a

---

[71] Docket 4 at 13.
[72] See *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 534 (1995).
[73] Id., *citing* 46 U.S.C. App. § 740.

LAW OFFICE OF
**HOZUBIN
& MOBERLY**
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

Shell Oil Company v. Greenpeace, Inc. et al.
Case No. 3:12-cv-00042-SLG
Case 3:12-cv-00042-SLG   Document 76   Filed 03/21/12   Page 28 of 44

"substantial relationship to traditional maritime activity."[74]

Shell's Complaint provides insufficient relevant detail to determine whether its conversion cause of action falls under federal admiralty jurisdiction or state tort law. As pled, Shell's "personal property" could include a propane tank at a gas station in Seattle or the mobile offshore drilling unit *Kulluk*.[75] State tort law would clearly apply to the conversion of a propane tank, whereas federal admiralty law could apply to commandeering the *Kulluk*.[76] This distinction makes little difference, however, because no federal admiralty rule exists governing maritime conversion claims. As discussed supra, in the absence of federal cases or an established federal admiralty rule on a subject, federal courts should apply general common law[77] — which in the current case is the same as state law in that both follow the Restatement (Second) of Torts.[78]

---

[74] Id., *quoting Sisson v. Ruby*, 497 U.S. 358, 364-365 (1990) (internal quotation marks omitted).
[75] Docket 4 at 13, ¶ 49.
[76] See *Grubart*, 513 U.S. at 534.
[77] See *Marastro Compania Naviera, S.A. v. Canadian Maritime Carriers, Ltd.*, 959 F.2d at 53.
[78] See *K & K Recycling, Inc. v. Alaska Gold Co.*, 80 P.3d 702, 717 n. 26 (Alaska 2003), *quoting* Restatement (Second) of Torts § 222A (1965).

LAW OFFICE OF
**HOZUBIN**
**& MOBERLY**
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

Shell Oil Company v. Greenpeace, Inc. et al.
Case No. 3:12-cv-00042-SLG
Case 3:12-cv-00042-SLG Document 76 Page Filed 03/21/12 Page 29 of 44

As discussed above, conversion requires "an intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel."[79] A plaintiff seeking to establish a conversion claim "must prove that it had a possessory interest in the property, that the defendants intentionally interfered with the plaintiff's possession, and that the defendants' acts were the legal cause of the plaintiff's loss of property."[80] By its own terms, a cause of action for conversion cannot accrue until the defendant exerts some "dominion or control" causing the substantial loss of plaintiff's property.[81]

Shell fails to state a cause of action for conversion on which this Court can grant relief. Greenpeace USA has not exerted dominion or control over any chattel in which Shell has a possessory interest.[82] The only specific conduct mentioned in Shell's conversion cause of action references the "boarding and occupation of the *Noble*

---

[79] See id., *quoting* Restatement (Second) of Torts § 222A (1965) (internal quotation marks omitted).
[80] See id. at 717, *citing Silvers v. Silvers*, 999 P.2d 786, 793 (Alaska 2000).
[81] Restatement (Second) of Torts § 222A (1965).
[82] Docket 40 at 7; Docket 41 at 3, ¶ 8.

LAW OFFICE OF
**HOZUBIN
& MOBERLY**
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

Shell Oil Company v. Greenpeace, Inc. et al.
Case No. 3:12-cv-00042-SLG
Case 3:12-cv-00042-SLG   Document 76   Filed 03/21/12   Page 30 of 44

*Discoverer.*"[83] As stated above, Greenpeace USA has taken

no action affecting Shell's possessory interest in the

*Noble Discoverer.*[84] Furthermore, the Restatement requires

actual conduct to state a cause of action for the tort of

conversion — threatened conduct does not suffice.[85] This

Court should thus dismiss Shell's conversion claim.

### H. Violation Of Proposed And Existing Safety Zones

Shell next alleges violations of proposed existing safety

zones, pursuant to 33 CFR § 147.1.

> Safety zones may be established around OCS facilities
> being constructed, maintained, or operated on the
> Outer Continental Shelf to promote the safety of life
> and property on the facilities, their appurtenances
> and attending vessels, and on the adjacent waters
> within the safety zones. Regulations adopted for
> safety zones may extend to the prevention or control
> of specific activities and access by vessels or
> persons, and include measures to protect the living
> resources of the sea from harmful agents. The
> regulations do not encompass the operating equipment
> or procedures used in the drilling for and production
> of oil, gas, or other minerals, or the transportation
> of oil, gas, or other minerals by pipeline except as
> they relate to the safety of life and property on OCS
> facilities and on the waters adjacent to OCS
> facilities or to the protection of the living
> resources of the sea within a safety zone from
> harmful agents.

Shell's claim fails to state a cause of action for several

reasons. First, 33 CFR § 147.1 is applicable only to areas on

---

[83] Docket 4 at 13, ¶ 49.
[84] Docket 40 at 7; Docket 41 at 3, ¶ 8.
[85] Restatement (Second) of Torts § 222A (1965).

LAW OFFICE OF
**HOZUBIN
& MOBERLY**
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

Shell Oil Company v. Greenpeace, Inc. et al.
Case No. 3:12-cv-00042-SLG
Case 3:12-cv-00042-SLG Document 76 Filed 03/21/12 Page 31 of 44
Page 31

the OCS that have been "constructed, maintained, or operated."
By Shell's own pleadings, it admits that its facility has not
been "constructed, maintained, or operated." Thus, there
cannot have been a violation of an existing safety zone.
Second, this regulation does not provide a private cause of
action. Nor should a private cause of action be implied.
There are four factors in identifying whether a private cause
of action should be implied when a federal statute is
violated.[86] These factors are:

> 1. Whether the plaintiff is a member of a class for
>    whose special benefit the statute was enacted;
>
> 2. Whether there is any explicit or implicit
>    indication of congressional intent to create or
>    deny a private remedy;
>
> 3. Whether a private remedy would be consistent with
>    the underlying purpose of the legislative scheme;
>
> 4. Whether the cause of action is one traditionally
>    relegated to state law.[87]

---

[86] *Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502, 507 n.2 (9th
2002), *citing Cort v. Ash*, 422 U.S. 66 (1975), effectively
overruled by *Touche Ross & Co. v. Redington*, 442 U.S. 560 (199)
and *Transamerica Mortgage Advisors, Inc. v. Lewis*, 444 U.S. 11
(1979). See *Thompson v. Thompson*, 484 U.S. 174, 108 S.Ct. 513,
516, 98 L.Ed.2d 512 (1988), in which the U.S. Supreme Court
held that legislative intent must be inferred from the language
of the statute, or some other source, or a private remedy will
not be implied.
[87] *Walls*, 276 F.3d at 507 n.2, *quoting Cort v. Ash*, 422 U.S. 66,
78 (1975).

LAW OFFICE OF
**HOZUBIN
& MOBERLY**
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

Shell Oil Company v. Greenpeace, Inc. et al.
Case No. 3:12-cv-00042-SLG
Case 3:12-cv-00042-SLG   Document 76   Filed 03/21/12   Page 32 of 44

"[I]t is clear that the critical inquiry is whether Congress intended to create a private right of action."[88]

> Like substantive federal law itself, private rights of action to enforce federal law must be created by Congress. The judicial task is to interpret the statute Congress has passed to determine whether it displays an intent to create not just a private right but also a private remedy. Statutory intent on this latter point is determinative. Without it, a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute.[89]

"Congress certainly knows how to create a private right of action when it wants to." [90] In this case, there is no Congressional intent for there to be a private cause of action for 33 CFR § 147.1. If Congress wanted to create a private cause of action, it would have done so. This Court should not imply a private cause of action.

Third, a Safety Zone has yet to be implemented regarding the project referenced by Shell in its First Amended Complaint. Shell acknowledged in its Complaint that it has already followed the standard procedure with the Coast Guard for having

---

[88] *Walls*, 276 F.3d at 507, *citing Alexander v. Sandoval*, 532 U.S. 275 (2001); *Burgert v. The Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 664 (9th Cir. 2000).
[89] *Walls*, 276 F.3d at 508, *quoting Alexander v. Sandoval*, 532 U.S. 275 (2001) (citations omitted).
[90] *Walls*, 276 F.3d at 508-509.

LAW OFFICE OF
**HOZUBIN
& MOBERLY**
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

Shell Oil Company v. Greenpeace, Inc. et al.
Case No. 3:12-cv-00042-SLG
Case 3:12-cv-00042-SLG   Document 76   Filed 03/21/12   Page 33 of 44

the safety zones implemented, but the zones have not yet been implemented.[91]

Shell seeks relief based on a non-existent safety zone, based on a regulation that provides no private cause of action. Shell has failed to state a cause of action upon which relief can be granted.

## I. Reckless Endangerment

Next, in the eighth count of Shell's First Amended Complaint, Shell alleges that "Greenpeace's" activities in New Zealand relating to the *Noble Discoverer*, and its alleged "threat[s] to do the same to other Shell vessels, constitutes reckless endangerment in conduct that creates a substantial risk of serious physical injury to another person."[92] Significantly, Shell alleges this cause of action as a criminal violation: "A person commits the crime of reckless endangerment if the person recklessly engages in conduct that creates a substantial risk of serious physical injury to another person."[93] The Complaint defines reckless endangerment the same as AS 11.41.250.

As a private corporation, Shell has no standing to prosecute an alleged criminal act. "[A] private citizen lacks a

LAW OFFICE OF
**HOZUBIN
& MOBERLY**
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

---

[91] Docket 4 at 9-10.
[92] Docket 4 at 14.
[93] Id. (Emphasis added.)

Shell Oil Company v. Greenpeace, Inc. et al.
Case No. 3:12-cv-00042-SLG
Case 3:12-cv-00042-SLG   Document 76   Filed 03/21/12   Page 34 of 44

judicially cognizable interest in the prosecution or
nonprosecution of another."[94]  Alaska courts have seconded this
principle.[95]

Nor does A.S. 11.41.250 explicitly or impliedly grant a
private right of action for a reckless endangerment claim.  To
imply a private right of action, there must be "a statutory
basis for inferring that a civil cause of action of some sort
lay in favor of someone."[96]  There is no basis to infer a
private cause of action under Alaska's statute.[97]

Additionally, there is no indication that Alaska
recognizes reckless endangerment as a tort action.

Finally, Shell failed to demonstrate or even allege
reckless endangerment by any person or entity in its First
Amended Complaint.

Shell has once more failed to state a claim for relief.

---

[94] *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).
[95] *Cooper v. District Court*, 133 P.3d 692, (Alaska App. 2006),
citing *Linda R.S.*, 410 U.S. at 619.  See also *United States v.
Gamma Tech Indus., Inc.*, 265 F.3d 917, 923 n.6 (9th Cir. 2001).
[96] *Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979) (*quoting
Cort v. Ash*, 422 U.S. 66, 79 (1975)). See also *Ellis v. City
of San Diego*, 176 F.3d 1183, 1189 (9th Cir. 1999) (holding that
the California Penal Code does not create enforceable
individual rights).
[97] See *Belluomini v. Fred Meyer of Alaska, Inc.*, 993 P.2d 1009,
1015 (Alaska 1999) (criminal code's general disclaimer
contained it AS 11.81.210 that its provisions do not "affect
any right to or liability ... authorized by law" does not imply
private cause of action for criminal violations).

LAW OFFICE OF
**HOZUBIN
& MOBERLY**
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

Shell Oil Company v. Greenpeace, Inc. et al.
Case No. 3:12-cv-00042-SLG
Case 3:12-cv-00042-SLG  Document 76  Filed 03/21/12  Page 35 of 44

J.   Violation of International Regulations for Preventing
     Collisions at Sea (33 USC § 1602)

     Shell's ninth cause of action, violation of the

International Regulations for Preventing Collisions at Sea

(COLREGS), is based on U.S. law implementing an international

convention.  Shell conceded that these rules would be

applicable to any navigation by a U.S.-flagged ship in New

Zealand waters.  However, Greenpeace USA does not own or

operate any vessels, let alone U.S.-flagged vessels, nor has

Shell alleged Greenpeace USA has U.S.-flagged vessels.

Moreover, the Greenpeace New Zealand action against the *Noble*

*Discoverer* did not involve any vessels, so, logically; it could

not present an issue under the COLREGs.

     Additionally, 33 USC § 1603 states what vessels are

subject to these regulations:

> Except as provided in section 1604 of this title and
> subject to the provisions of section 1605 of this
> title, the International Regulations, as proclaimed
> under section 1602 of this title, shall be applicable
> to, and shall be complied with by—
>
> (1)all vessels, public and private, subject to the
> jurisdiction of the United States, while upon the
> high seas or in waters connected therewith navigable
> by seagoing vessels, and
>
> (2)all other vessels when on waters subject to the
> jurisdiction of the United States.

LAW OFFICE OF
**HOZUBIN
& MOBERLY**
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

Shell Oil Company v. Greenpeace, Inc. et al.
Case No. 3:12-cv-00042-SLG
Case 3:12-cv-00042-SLG   Document 76   Filed 03/21/12   Page 36 of 44

Shell's Complaint fails to state whether the "vessels" at issue, whether the *Noble Discoverer* or the alleged Greenpeace vessels, are subject to the jurisdiction of the United States. Second, on the face of the Complaint, it is clear that the actions that have already taken place were not on waters subject to the jurisdiction of the United States -- as the actions occurred in New Zealand.

The next issue, is once more, that 33 USC § 1602 does not convey a private cause of action.[98]  Finally, 33 USC § 1602 does not provide relief for possible violations of its provisions.

Shell has once more failed to state a claim upon which relief could be granted.

### K.    Malicious Mischief On The High Seas

Shell's next cause of action is for malicious mischief on the high seas, pursuant to 18 USC § 1363, which provides,

> Whoever, within the special maritime and territorial jurisdiction of the United States, willfully and maliciously destroys or injures any structure, conveyance, or other real or personal property, or attempts or conspires to do such an act, shall be fined under this title or imprisoned not more than five years, or both, and if the building be a dwelling, or the life of any person be placed in jeopardy, shall be fined under this title or imprisoned not more than twenty years, or both.[99]

LAW OFFICE OF
**HOZUBIN
& MOBERLY**
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

[98] See, supra, for discussions regarding implying a private cause of action.
[99] Emphasis added.

Shell Oil Company v. Greenpeace, Inc. et al.
Case No. 3:12-cv-00042-SLG
Case 3:12-cv-00042-SLG  Document 76  Filed 03/21/12  Page 37 of 44

Malicious mischief on the high seas only applies to persons within the special maritime and territorial jurisdiction of the U.S. Further, this is a <u>criminal</u> statute that does not convey a private cause of action. Shell has no ability to sue for any alleged violation of this.[100]

Shell has not alleged that the action in New Zealand took place within this jurisdiction, and it would be unable to do so. Foreign persons in foreign ports acting against foreign-flagged vessels do not fall under this jurisdiction. This offense is, in any event, inapplicable since Shell has not explained how the Greenpeace New Zealand action would constitute willful and malicious destruction or injury of a structure, conveyance, or other real or personal property. Indeed, it has not argued that any such damage was caused at all during the peaceful protest, let alone that it was intended.

L.    <u>Violence Against Maritime Navigation</u>

18 USC § 2280 is a federal code provision regulating <u>criminal</u> violence against maritime navigation. It first provides for no private cause of action.

(a) Offenses.—

LAW OFFICE OF
**HOZUBIN
& MOBERLY**
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

---

[100] <u>See</u>, <u>supra</u>, for discussions regarding implying a private cause of action.

Shell Oil Company v. Greenpeace, Inc. et al.
Case No. 3:12-cv-00042-SLG
Case 3:12-cv-00042-SLG   Document 76   Filed 03/21/12   Page 38 of 44

(1)  In general.— A person who unlawfully and
intentionally—

(A) seizes or exercises control over a ship by force
or threat thereof or any other form of intimidation;

shall be fined under this title, imprisoned not more
than 20 years, or both; and if the death of any
person results from conduct prohibited by this
paragraph, shall be punished by death or imprisoned
for any term of years or for life.

(2) Threat to navigation.— A person who threatens to
do any act prohibited under paragraph (1)(B), (C) or
(E), with apparent determination and will to carry
the threat into execution, if the threatened act is
likely to endanger the safe navigation of the ship in
question, shall be fined under this title, imprisoned
not more than 5 years, or both.

Second, it clearly sets out its basis for jurisdiction in

criminal matters:

(b) Jurisdiction. — There is jurisdiction over the
activity prohibited in subsection (a)—

(1)  in the case of a covered ship, if—

(A)  such activity is committed—

(i)against or on board a ship flying the flag of the
United States at the time the prohibited activity is
committed;

(ii)in the United States; or

(iii)by a national of the United States or by a
stateless person whose habitual residence is in the
United States;

(B)during the commission of such activity, a national
of the United States is seized, threatened, injured
or killed; or

LAW OFFICE OF
**HOZUBIN
& MOBERLY**
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

Shell Oil Company v. Greenpeace, Inc. et al.
Case No. 3:12-cv-00042-SLG
Case 3:12-cv-00042-SLG  Document 76  Filed 03/21/12  Page 39 of 44

(C) the offender is later found in the United States after such activity is committed;

(2) in the case of a ship navigating or scheduled to navigate solely within the territorial sea or internal waters of a country other than the United States, if the offender is later found in the United States after such activity is committed; and

(3) in the case of any vessel, if such activity is committed in an attempt to compel the United States to do or abstain from doing any act.

This is a criminal code provision that provides for no civil remedy.

Further, the alleged violence against maritime navigation occurred in New Zealand waters, as set forth in the Complaint, and against a Liberian-flagged drill rig that is owned by a Swiss company. Greenpeace USA is not alleged to have done anything, nor did it have anything to do with the events in New Zealand.

Finally, this code provision does not provide for a private cause of action. Further, as discussed supra, there is no basis for implying a private cause of action.

Shell has failed to state another claim for relief.

M.    Damage to the Property of an Energy Facility

Finally, Shell alleges that:

72.   Greenpeace has knowingly and willfully acted, conspired and threatened to act to damage or attempt to damage an energy facility, and the property damages that have been … caused by Greenpeace's extremely dangerous and unlawful actions would far

LAW OFFICE OF
**HOZUBIN
& MOBERLY**
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

Shell Oil Company v. Greenpeace, Inc. et al.
Case No. 3:12-cv-00042-SLG
Case 3:12-cv-00042-SLG   Document 76   Page 40 Filed 03/21/12   Page 40 of 44

exceed $5,000, in addition to nonmonetary and irreparable harm to persons, property, and the environment.[101]

This claim is made based on 18 USC § 1366, which Shell acknowledges is a criminal code provision.[102]  Based on this alone, the Court should dismiss this allegation.[103]

## V.    CONCLUSION

Shell has failed to state a valid cause of action in its First Amended Complaint.  It alleges that it has been harmed by past conduct that occurred in foreign waters that are not the subject of this Court's jurisdiction.  It alleges that it might or could suffer some similar harms in the future.  It alleges violations of criminal statutes and codes for which it seeks enforcement, even after admitting that the provisions are criminal and not civil.  All of this is on the face of Shell's First Amended Complaint.

Further, temporary restraining orders and injunctive relief can only flow from a validly pled case.  A valid Complaint would, first, give the plaintiff access to the court, and, second, allow the court having jurisdiction to be able to grant relief.  If the plaintiff has no case or controversy before the court in the first instance, then the plaintiff

---

[101]  Docket 4 at 16.
[102]  Docket 4 at 16, ¶ 70.
[103]  See argument supra re private causes of action based on criminal code provisions, as well as discussion regarding implying a private cause of action.

LAW OFFICE OF
**HOZUBIN
& MOBERLY**
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

Shell Oil Company v. Greenpeace, Inc. et al.
Case No. 3:12-cv-00042-SLG
Case 3:12-cv-00042-SLG   Document 76   Filed 03/21/12   Page 41 of 44

should not be granted any sort of injunctive relief.  Shell
should not be granted any relief -- there is no valid cause of
action before this Court.

Instead of presenting a valid claim, Shell seeks only to
muddy the waters; to distract this Court from noticing that
Greenpeace USA has done absolutely nothing to Shell to warrant
a TRO, let alone injunctive relief.  This is readily apparent
by the fact that Shell has named John and Jane Does 1-20.
Indeed, when the First Amended Complaint was filed on February
27, 2012, Shell knew the names of the individuals who boarded
the *Noble Discoverer* in New Zealand waters.  In fact, by that
time, it was public record and news because a celebrity was
involved.  Despite knowing who was involved in the event in New
Zealand, Shell has not named any individuals who were involved
in this action, even though it named 20 John and Jane Does.
That is because Shell knows that it cannot name those people in
this Court.  Shell knows the Court has no jurisdiction over
what occurred in New Zealand or the people and entities
involved.  Given the timing of events, the allegations pled,
and the fact that the only named defendant in this action is
Greenpeace USA, Shell's desire to take advantage of the New
Zealand publicity is transparent.  Shell's desire to take
advantage of this publicity does not constitute a valid cause
of action.

LAW OFFICE OF
**HOZUBIN
& MOBERLY**
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

Shell Oil Company v. Greenpeace, Inc. et al.
Case No. 3:12-cv-00042-SLG
Case 3:12-cv-00042-SLG  Document 76  Filed 03/21/12  Page 42 of 44

Finally, Shell is attempting to circumvent the law to pierce some alleged corporate veil without taking the necessary steps to do so. By not appropriately pleading the piercing issue, Shell has waived the argument. Shell will argue that it is not attempting to do this, as it has not been pled. Further, in argument, Shell represented that it is not trying to pierce any corporate veil. This underscores the fact that Shell is only trying to inappropriately tie Greenpeace New Zealand to Greenpeace USA as the basis for all allegations in the Complaint. If Shell believes that there is some legal or corporate connection between the two entities that would justify trying to pierce the corporate veil of Greenpeace USA for the activities of Greenpeace New Zealand, Shell is obligated to clearly plead and prove the same.[104] Shell should not be allowed to vaguely plead that one legally separate entity is responsible for another legally separate entity's action, as the sole basis for its Complaint.

The Court should not condone these transparent, legally manipulative tactics. When each count is reviewed on its own accord pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court will find that there are no valid claims being

---

[104] Shell is well aware of corporate structure and how it works. Shell is a very large, complicated, vertical corporate structure, with Shell Oil being part and parcel of Royal Dutch Shell.

LAW OFFICE OF
**HOZUBIN
& MOBERLY**
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

Shell Oil Company v. Greenpeace, Inc. et al.
Case No. 3:12-cv-00042-SLG
Case 3:12-cv-00042-SLG  Document 76  Filed 03/21/12  Page 43 of 44

asserted against Greenpeace USA.  The Court should dismiss this matter in its entirety.

DATED this 21st day of March 2012.

LAW OFFICE OF HOZUBIN & MOBERLY
Attorneys for Defendant
Greenpeace, Inc.

By: s/Rebecca J. Hozubin
    310 K Street, Suite 405
    Anchorage, AK  99501
    Phone: 907-276-5297
    Fax: 907-276-5291
    E-mail: rebecca@wilkersonlaw.net
    AK Bar No. 9806016

CERTIFICATE OF SERVICE
I hereby certify that on the
21st day of March 2012, a true
and correct copy of the foregoing
was electronically sent to the
following:

James E. Torgerson, Esq.
Jeffrey W. Leppo, Esq.
Ryan P. Steen, Esq.
Stoel Rives, LLC
510 L Street, Suite 500
Anchorage, AK 99501-1959

LAW OFFICE OF HOZUBIN & MOBERLY

By:  /s/ Rebecca J. Hozubin
9100/389/plead/12(b)/12(b)(6)- Memo

LAW OFFICE OF
**HOZUBIN
& MOBERLY**
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

Shell Oil Company v. Greenpeace, Inc. et al.
Case No. 3:12-cv-00042-SLG
Case 3:12-cv-00042-SLG  Document 76  Filed 03/21/12  Page 44 of 44