IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SHELL OFFSHORE INC., a Delaware corporation, and SHELL GULF OF MEXICO INC., a Delaware corporation,<br><br>                             Plaintiffs,<br>      v.<br>GREENPEACE, INC., a California corporation, and JOHN and JANE DOES 1-20,<br><br>                            Defendants. | Case No. 3:12-cv-00042-SLG |

### ORDER DENYING GREENPEACE USA'S MOTION TO STAY

      This court issued a Preliminary Injunction on March 28, 2012.[1] Greenpeace, Inc. (also known as "Greenpeace USA") filed an interlocutory appeal of that injunction with the Ninth Circuit on April 26, 2012.[2] On May 29, 2012, this court issued an Amended Preliminary Injunction.[3] Greenpeace USA appealed the Amended Preliminary Injunction on June 28, 2012.[4]

      On June 18, 2012, Greenpeace USA filed a motion to stay in its first appeal with the Ninth Circuit, seeking to stay enforcement of the Preliminary Injunction pending the Circuit Court's determination of that appeal.[5] On June 25, 2012, Greenpeace USA filed

---

[1] Docket 87.

[2] Docket 95.

[3] Docket 109.

[4] Docket 114.

[5] Appeal No. 12-35332, Docket 11.

an "Urgent Motion" seeking the same relief.[6] The Ninth Circuit denied the motion on June 27, 2012 "without prejudice to renewal following presentation to the district court."[7]

On July 3, 2012, Greenpeace USA filed a Motion to Stay to this court and requested consideration on shortened time.[8] The motion seeks to stay both the March 28, 2012 Preliminary Injunction and the Amended Injunction dated May 29, 2012, pending the outcome of the interlocutory appeal currently before the Ninth Circuit. This court granted an expedited briefing schedule.[9] In accordance with that schedule, Shell filed its opposition on July 11, 2012[10] and Greenpeace USA replied on July 16, 2012.[11]

### *DISCUSSION*

The Ninth Circuit has held that, when determining whether to issue a stay pending appeal, a court is to consider:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. . . [T]he issues of likelihood of success and irreparable injury represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases.[12]

---

[6] *Id.*, Docket 12.

[7] *Id.*, Docket 13.

[8] Docket 116, 118.

[9] Docket 120.

[10] Docket 121.

[11] Docket 123.

[12] *Humane Soc'y of U.S. v. Gutierrez*, 523 F.3d 990, 991 (9th Cir. 2008) (citing *Golden Gate Restaurant Ass'n v. City and Cnty. of San Francisco*, 512 F.3d 1112, 1115 (9th Cir. 2008) (internal quotation marks omitted).

3:12-cv-00042-SLG, *Shell Offshore Inc. et al. v. Greenpeace, Inc. et al.*
Order Denying Greenpeace USA's Motion to Stay
Page 2 of 8
Case 3:12-cv-00042-SLG   Document 124   Filed 07/20/12   Page 2 of 8

This analysis is similar to the test for preliminary injunctive relief.[13] This court addresses each of the factors in turn below, adopting its prior analyses where appropriate.

> *(1) Greenpeace USA has not made a showing that it is likely to succeed on the merits of its appeal.*

In its Motion to Stay, Greenpeace USA argues that it is likely to succeed on its interlocutory appeal because the Preliminary Injunction was issued on the basis of "both an erroneous legal standard and clearly erroneous factual findings."[14]

Greenpeace USA argues that this court improperly relied on the absence in the record of any statement from Greenpeace USA that it would not attempt tortious or unlawful acts against Shell in the coming months. Greenpeace USA argues that in doing so, this court impermissibly shifted the burden of proof from Shell to Greenpeace USA. In the March 28, 2012 Preliminary Injunction, this court "accorded a minor degree of weight" to Greenpeace USA's silence regarding its summer intentions.[15] This court interpreted that silence as a party admission, citing to the Restatement of Torts, the Federal Rules of Evidence, and Ninth Circuit precedent.[16] This court's consideration of Greenpeace USA's admission-by-silence as evidence that supported Shell's motion did not shift the burden of proof to Greenpeace USA.

---

[13] *See Sierra Forest Legacy v. Ray*, 577 F.3d 1015, 1021 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).

[14] Mot. at 5.

[15] Docket 87 at 16.

[16] *Id.*

3:12-cv-00042-SLG, *Shell Offshore Inc. et al. v. Greenpeace, Inc. et al.*
Order Denying Greenpeace USA's Motion to Stay
Page 3 of 8
Case 3:12-cv-00042-SLG   Document 124   Filed 07/20/12   Page 3 of 8

Greenpeace USA also argues that this court erred by finding a case and controversy and enjoining conduct based on the possibility of future harm.[17] Greenpeace USA asserts that this court should have looked to "existing Ninth Circuit precedent," *Roller v. City of San Mateo*.[18] In *Roller*, a 1975 case from the Northern District of California, the plaintiff sued her former employers for sex discrimination.[19] A Temporary Restraining Order ("TRO") was entered before the evidentiary hearing in the case "in order to ensure that defendants did not interfere with plaintiff's efforts in collecting affidavits and compiling documents and records in support of her case."[20] The evidentiary hearing was then held and the defendants prevailed on the merits. Among other relief sought, the plaintiff had asked the court to enter a preliminary injunction continuing the TRO after the evidentiary hearing.[21] The court declined to do so, explaining that because the case had then been determined, "the purpose of granting that temporary restraining order no longer is pressing."[22] And while the Ninth Circuit affirmed the District Court's judgment in *Roller*, the appellate decision contains no mention of the trial court's ruling that denied the request for the preliminary

---

[17] Mot. at 14.

[18] *Id.* (citing 399 F. Supp. 358 (N.D. Cal. 1975) *judgment aff'd*, 572 F.2d 1311 (9th Cir. 1977)).

[19] *Roller*, 399 F. Supp 358.

[20] *Id.* at 365.

[21] *Id.*.

[22] *Id.*

3:12-cv-00042-SLG, *Shell Offshore Inc. et al. v. Greenpeace, Inc. et al.*
Order Denying Greenpeace USA's Motion to Stay
Page 4 of 8
Case 3:12-cv-00042-SLG   Document 124   Filed 07/20/12   Page 4 of 8

injunction.[23] This court finds that *Roller* is so factually distinct from the case before this court that it is not helpful authority.

In discussing the law regarding injunctive relief for threatened torts, Greenpeace USA asserts that the March 28, 2012 Preliminary Injunction improperly relied only on the Restatement of Torts and a case from the District of Columbia.[24] But this court also applied the analysis set forth by the United States Supreme Court in the 2009 decision of *Summers v. Earth Island Institute*,[25] as well as the Ninth Circuit's 1990 holding in *Diamontiney v. Borg* that an "injury need not have been inflicted when application is made or be certain to occur; a strong threat of irreparable injury before trial is an adequate basis."[26] This court remains unpersuaded by Greenpeace USA's assertion that threatened torts cannot serve as a basis for preliminary injunctive relief.

Greenpeace USA also takes issue with this court's determinations on the scope of admiralty, or maritime jurisdiction, and jurisdiction under the Outer Continental Shelf Lands Act, 43 U.S.C. § 1333 *et seq.*[27] This court has previously accorded extensive consideration to these issues, and declines to reconsider its rulings in that regard.[28]

Accordingly, Greenpeace USA has not demonstrated to this court that it is likely to succeed on the merits of its interlocutory appeal.

---

[23] *See Roller,* 572 F.2d 1311.

[24] Docket 118 at 13-14, n.56.

[25] Docket 87 at 13 (citing 555 U.S. 488 (2009)).

[26] *Id.* at 8 (citing 918 F.2d 793, 795 (9th Cir. 1990)).

[27] Docket 118 at 7-11.

[28] Docket 87 at 4-9; Docket 108 at 6-12, Order re All Pending Motions, May 29, 2012.

3:12-cv-00042-SLG, *Shell Offshore Inc. et al. v. Greenpeace, Inc. et al.*
Order Denying Greenpeace USA's Motion to Stay
Page 5 of 8
Case 3:12-cv-00042-SLG   Document 124   Filed 07/20/12   Page 5 of 8

*(2) Greenpeace USA will not be irreparably injured absent a stay.*

Greenpeace USA asserts that it "suffers irreparable harm each day the injunction remains in effect" because the injunction is an inappropriate restriction on its First Amendment rights.[29] In response, Shell cites *Menotti v. City of Seattle*, in which the Ninth Circuit determined that the size of the zone restricted by an injunction was justified by the difficulty of effecting the protection sought.[30]

The safety zones established in the injunction issued by this court are intended to prevent illegal or tortious conduct from interfering with Shell's operations. This court addressed Greenpeace USA's First Amendment concerns in its previous orders when evaluating the balance of the equities[31] and declines to reconsider its rulings that the safety zones imposed by the injunction are not unduly burdensome on Greenpeace USA's speech rights.[32]

This court is also unpersuaded by Greenpeace USA's assertion as to the urgency of its need for a stay.[33] This court issued the Preliminary Injunction on March 28, 2012 and the Amended Preliminary Injunction on May 29, 2012. Greenpeace USA did not move for a stay until mid-June—nearly three months after the Preliminary

---

[29] Mot. at 15.

[30] Docket 121 at 19-20 (citing 409 F.3d 1113, 1134 (9th Cir. 2005)).

[31] Docket 87 at 22-23; Docket 108 at 42 (adopting discussion from prior order).

[32] As this court has repeatedly noted, if Greenpeace USA feels that the safety zones are unduly burdensome, it can seek by motion to modify the injunctions. Docket 108 at 42; Docket 87 at 29.

[33] *See, e.g.*, Docket 118 at 16-17.

3:12-cv-00042-SLG, *Shell Offshore Inc. et al. v. Greenpeace, Inc. et al.*
Order Denying Greenpeace USA's Motion to Stay
Page 6 of 8
Case 3:12-cv-00042-SLG   Document 124   Filed 07/20/12   Page 6 of 8

Injunction had been issued. Greenpeace USA's delay in seeking a stay is at odds with its recent assertions of urgency.

Greenpeace USA has not demonstrated to this court that it would be irreparably injured absent a stay of the preliminary injunction.

*(3) Issuance of a stay is likely to substantially injure Shell.*

In its prior orders, this court found that Shell is likely to suffer irreparable harm in the absence of an injunction, in the form of risks to human life, property, and its exploratory drilling operations.[34] Greenpeace USA argues that because Shell has not received all of the permits and approvals it requires to begin drilling this summer, Shell cannot demonstrate that it is likely to suffer irreparable injury in the absence of injunctive relief.[35] However, based on a consideration of all the evidence in this record, this court finds it more likely than not that Shell will obtain the necessary permits. Applying the standard of *Winter v. Natural Resources Defense Council, Inc.*,[36] this court previously found that Shell is likely to suffer irreparable harm in the absence of preliminary injunctive relief. It follows that if a stay is issued, Shell is likely to be substantially injured, as there would then be no order in effect in this proceeding that would preclude Greenpeace USA from engaging in tortious or illegal conduct against Shell.

---

[34] Docket 87 at 19-20; Docket 108 at 42 (adopting discussion from prior order).

[35] Reply at 6.

[36] 555 U.S. 7, 22 (2008).

3:12-cv-00042-SLG, *Shell Offshore Inc. et al. v. Greenpeace, Inc. et al.*
Order Denying Greenpeace USA's Motion to Stay
Page 7 of 8
Case 3:12-cv-00042-SLG   Document 124   Filed 07/20/12   Page 7 of 8

*(4) A stay is not in the public interest.*

This court has previously found, and finds again for the same reasons, that the enforcement of the Amended Preliminary Injunction is in the public interest.[37]

### *CONCLUSION*

For the foregoing reasons, Greenpeace USA's Motion to Stay is DENIED.

DATED at Anchorage, Alaska this 20th day of July, 2012.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
United States District Judge

---

[37] Docket 87 at 23-24; Docket 108 at 42 ((adopting discussion from prior order).

3:12-cv-00042-SLG, *Shell Offshore Inc. et al. v. Greenpeace, Inc. et al.*
Order Denying Greenpeace USA's Motion to Stay
Page 8 of 8

Case 3:12-cv-00042-SLG   Document 124   Filed 07/20/12   Page 8 of 8