IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SHELL OFFSHORE INC., a Delaware corporation, and SHELL GULF OF MEXICO INC., a Delaware corporation,<br><br>                Plaintiffs,<br>     v.<br>GREENPEACE, INC., a California corporation, and JOHN and JANE DOES 1-20,<br><br>                Defendants. | Case No. 3:12-cv-00042-SLG |

## ORDER GRANTING MOTION TO VOLUNTARILY DISMISS

Plaintiffs Shell Offshore, Inc. and Shell Gulf of Mexico, Inc. (collectively, "Shell") filed a Motion to Voluntarily Dismiss Pursuant to Rule 41(a)(2) at Docket 128. Defendant Greenpeace, Inc. ("Greenpeace USA") opposed at Docket 133 and Shell replied at Docket 135. Oral argument was not requested and was not necessary to the Court's determination of this motion. For the reasons explained below, the motion will be granted.

### RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Shell initiated this action seeking to protect its 2012 Arctic exploration drilling ventures from anticipated illegal activist interference by Greenpeace USA. Shell filed the Complaint on February 24, 2012 and a motion for a temporary restraining order and preliminary injunction on February 27, 2012. On March 1, 2012, the Court granted

Shell's motion for a temporary restraining order and scheduled a hearing and briefing schedule to address Shell's motion for a preliminary injunction.[1]

On March 19, 2012, Greenpeace USA filed a motion to dismiss for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and a motion to dismiss pursuant to Federal Rule of Civil Procedure (12)(b)(6) on March 21, 2012.

An evidentiary hearing on the preliminary injunction motion was held on March 19, 2012.

On March 28, 2012, Shell filed a Second Amended Verified Complaint. That same day, the Court granted in part Shell's motion for a preliminary injunction, and deferred ruling on the remainder of the motion pending determination of Greenpeace USA's Rule 12(b)(1) motion to dismiss.[2]

On April 26, 2012, Greenpeace USA appealed the grant of the preliminary injunction to the Court of Appeals for the Ninth Circuit.

Shell filed a motion for additional preliminary injunctive relief on May 14, 2012. On May 29, 2012, the Court denied Greenpeace USA's motion to dismiss for lack of jurisdiction, granted in part and denied in part Greenpeace USA's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), and granted Shell's motion for additional preliminary injunctive relief.[3] The Court entered an Amended Preliminary Injunction, which was in effect until it expired by its terms on October 31, 2012.

---

[1] Docket 27.

[2] *Shell Offshore Inc. v. Greenpeace, Inc.*, 864 F. Supp. 2d 839 (D. Alaska 2012).

[3] *Shell Offshore Inc. v. Greenpeace, Inc.*, 3:12-CV-00042-SLG, 2012 WL 1931537 (D. Alaska 2012).

3:12-cv-00042-SLG, *Shell Offshore Inc., et al. v. Greenpeace, Inc., et al.*
Order Granting Motion to Voluntarily Dismiss
Page 2 of 7
Case 3:12-cv-00042-SLG   Document 138   Filed 08/01/13   Page 2 of 7

On June 28, 2012, Greenpeace USA appealed the Amended Preliminary Injunction to the Ninth Circuit. On November 1, 2012, Shell filed a motion in the Ninth Circuit to dismiss the case as moot.

On March 8, 2013, Shell filed the present Motion to Voluntarily Dismiss. By agreement of the parties, discovery was stayed until 45 days after the Court entered a ruling on Shell's Motion to Voluntarily Dismiss.

On March 12, 2013, the Ninth Circuit issued an opinion affirming this Court's decision and denying Shell's motion to dismiss for mootness that had been filed in that Court.[4] Greenpeace filed a petition for rehearing en banc, which the Ninth Circuit denied on July 10, 2013.[5] The Ninth Circuit issued its formal mandate on July 19, 2013.[6]

## DISCUSSION

Shell seeks the dismissal without prejudice of this action pursuant to Federal Rule of Civil Procedure 41(a)(2). Rule 41(a)(2) provides that after an answer or motion for summary judgment has been filed by the opposing party, and in the absence of a stipulation for dismissal, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The Ninth Circuit has held that "a district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a

---

[4] *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281 (9th Cir. 2013).

[5] *Shell Offshore, Inc. v. Greenpeace, Inc.*, No. 12-35332, 2013 WL 3456673 (9th Cir. July 10, 2013).

[6] *Shell Offshore, Inc. v. Greenpeace, Inc.*, No. 12-35332, Docket 44 (9th Cir. July 19, 2013).

3:12-cv-00042-SLG, *Shell Offshore Inc., et al. v. Greenpeace, Inc., et al.*
Order Granting Motion to Voluntarily Dismiss
Page 3 of 7
Case 3:12-cv-00042-SLG   Document 138   Filed 08/01/13   Page 3 of 7

defendant can show that it will suffer some plain legal prejudice as a result.[7] "'[L]egal prejudice' means 'prejudice to some legal interest, some legal claim, some legal argument.'"[8]

Under these precedents, this Court should grant the motion unless Greenpeace USA demonstrates that dismissal of this action would cause it to suffer prejudice to a legal interest, claim, or argument. However, in its opposition to Shell's motion, Greenpeace USA does not address this standard or make any factual allegations that could, even under a liberal interpretation, be considered to assert legal prejudice.[9]

---

[7] *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001) (citing *Waller v. Fin. Corp. of Am.*, 828 F.2d 579, 583 (9th Cir.1987); *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145-46 (9th Cir.1982)).

[8] *Id.* at 976 (quoting *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996)).

[9] The only language in Greenpeace USA's motion that could be construed as asserting legal prejudice is the following discussion:

> The Ninth Circuit recently denied Greenpeace USA's appeal of the trial court's Order granting Preliminary Injunction, distinguishing between a "merits-based review" (e.g., after dismissal or judgment on the merits) and the "limits inherent in interlocutory review." According to the majority, in order to obtain relief from the imposition of sanctions, as here, based on the conduct of others that Greenpeace USA does not control, there must be adjudication on the merits.

Docket 133 at 3 (citing *Shell Offshore, Inc.,* 709 F.3d at 1289, n.7). Greenpeace USA appears to assert that the Ninth Circuit's opinion held that an adjudication on the merits is the only means by which Greenpeace USA could obtain relief from some unspecified "sanctions." This assertion is unpersuasive for two reasons. First, Greenpeace USA is not currently subject to any sanctions, as the Preliminary Injunction expired in October 2012. Second, the footnote in the majority opinion to which Greenpeace USA cites is a discussion of the different standards applicable to preliminary injunctive determinations ("a probabilistic inquiry") and final decisions on the merits. It does not address, and reaches no conclusions regarding, the appropriateness of continuing to pursue this action. Greenpeace USA also asserts that "[i]f Shell is allowed to voluntarily dismiss its case at this point, Greenpeace USA's proper party argument will perpetually evade merits-based appellate review required by the Ninth Circuit's majority opinion." *Id.* at 7-8. As noted previously, the Ninth Circuit's majority opinion prescribed no such merits-based review. Moreover, evading review is a consideration that goes to the issue of mootness, not the standard for voluntary dismissal. *See NAACP, W. Region v. City of Richmond*, 743 F.2d 1346, 1353 (9th Cir. 1984). Greenpeace USA has not argued, and has

3:12-cv-00042-SLG, *Shell Offshore Inc., et al. v. Greenpeace, Inc., et al.*
Order Granting Motion to Voluntarily Dismiss
Page 4 of 7

Case 3:12-cv-00042-SLG   Document 138   Filed 08/01/13   Page 4 of 7

The Court has, accordingly, conducted an independent analysis of any potential legal prejudice. Greenpeace USA could argue that it would suffer legal prejudice by having had the temporary restraining order and Amended Preliminary Injunction entered against it, which may create an unfavorable precedent in future actions. However, as both of those restraints were preliminary injunctive relief, not injunctions entered after determinations on the merits, their import for future actions is limited. Moreover, "[l]egal prejudice does not result from "'[u]ncertainty because a dispute remains unresolved' or because 'the threat of future litigation ... causes uncertainty[.]'"[10] Nor does it "result merely . . . where a plaintiff would gain a tactical advantage by that dismissal."[11] Thus, even if Greenpeace USA had demonstrated that depriving it of a determination on the merits may harm its interests in potential future litigation, that argument would not be sufficient to support a finding of legal prejudice.

Wright & Miller identify four factors that courts within this circuit have considered when reviewing a motion for voluntary dismissal:

> (1) the defendant's effort and expense in preparing for trial, (2) any excessive delay or lack of diligence on the part of the plaintiff in prosecuting the action, (3) insufficiencies in the plaintiff's explanation of the need for a dismissal; and (4) the fact that a summary judgment motion has been filed by the defendant.[12]

---

cited no authority holding, that dismissing a case prior to determination on the merits and merits-based appellate review constitutes legal prejudice.

[10] *Smith*, 263 F.3d at 976 (quoting *Westlands*, 100 F.3d at 96-97).

[11] *Id.* (citing *Hamilton*, 679 F.2d at 145).

[12] Wright & Miller, Fed. Prac. & Proc. § 2364 (3d ed.); *see, e.g., U.S. v. Berg*, 190 F.R.D. 539, 543 (E.D. Cal. 1999) (listing four factors).

3:12-cv-00042-SLG, *Shell Offshore Inc., et al. v. Greenpeace, Inc., et al.*
Order Granting Motion to Voluntarily Dismiss
Page 5 of 7
Case 3:12-cv-00042-SLG   Document 138   Filed 08/01/13   Page 5 of 7

None of these factors supports a finding that Greenpeace USA will suffer legal prejudice from the dismissal of this action. This suit is, in a procedural sense, still in its infancy: discovery has not begun, no trial date has been set, and no motions for summary judgment have been filed. In addition, Shell has diligently pursued its interests throughout this litigation, and just as diligently began seeking dismissal of this action the day after its 2012 drilling season ended and the Amended Preliminary Injunction expired. Finally, Shell explains in its motion that as it has completed its 2012 Arctic drilling activities and does not plan to recommence them until 2014 at the earliest, any potential threat posed "by Greenpeace USA and those acting in concert with Greenpeace USA . . . cannot be reasonably known to a sufficient degree to warrant proceeding with the present litigation."[13] This explanation presents an adequate need for dismissal, particularly in light of Greenpeace USA's failure to directly contradict or counter it.

Accordingly, the Court finds that voluntary dismissal of this action without prejudice is warranted under Rule 41(a)(2).[14]

//
//
//

---

[13] Docket 128 at 3; *cf.* Docket 86 at 2 ¶ 2 (Second Amended Verified Complaint) (explicitly stating that the purpose of the action was to "protect Shell's OCS Arctic 2012 exploration drilling").

[14] "A dismissal under Rule 41(a)(2) normally is without prejudice, as explicitly stated in that rule." *Smith*, 263 F.3d at 976. Greenpeace USA asserts that if the Court does dismiss the action, the dismissal should be with prejudice; however, it does not support this assertion with any argument or citation to authority. *See* Docket 133 at 4, 8.

3:12-cv-00042-SLG, *Shell Offshore Inc., et al. v. Greenpeace, Inc., et al.*
Order Granting Motion to Voluntarily Dismiss
Page 6 of 7

Case 3:12-cv-00042-SLG   Document 138   Filed 08/01/13   Page 6 of 7

## CONCLUSION

For the foregoing reasons, Shell's Motion to Voluntarily Dismiss Pursuant to Rule 41(a)(2) at Docket 128 is GRANTED. This action is DISMISSED without prejudice.

DATED at Anchorage, Alaska this 1st day of August, 2013.

/s/ *Sharon L. Gleason*
United States District Judge

3:12-cv-00042-SLG, *Shell Offshore Inc., et al. v. Greenpeace, Inc., et al.*
Order Granting Motion to Voluntarily Dismiss
Page 7 of 7
Case 3:12-cv-00042-SLG   Document 138   Filed 08/01/13   Page 7 of 7